THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* LARRY COULTAS, Defendant-Appellant.

Fifth District    No. 79-73

Opinion filed August 2, 1979.

Randy E. Blue, of State Appellate Defender's Office, of Mt. Vernon, for appellant.

James E. Dull, State's Attorney, of Mt. Vernon (Raymond F. Buckley, Jr., of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE KASSERMAN delivered the opinion of the court:

The petitioner, Larry Coultas, appeals from the denial of his post-conviction.

Petitioner pleaded guilty to aggravated battery and was sentenced to three years imprisonment pursuant to a negotiated plea. Prior to accepting the plea of guilty, the court admonished the petitioner that upon conviction he could be sentenced to a determinate sentence of not less

than two years nor more than five years, but the court failed to admonish petitioner of the mandatory supervised release term (Ill. Rev. Stat. 1978 Supp., ch. 38, par. 1005—8—1(d)(3)). Petitioner contends that failure to admonish him of the mandatory supervised release term rendered his plea involuntary. After a hearing on the petition, at which petitioner was present but did not testify, the court denied the petition. The only issue on appeal is whether petitioner's plea of guilty was knowingly and voluntarily entered when the court failed to advise him of the mandatory supervised release term to be imposed upon the completion of his term of imprisonment. Petitioner requests that this court remove him from subjection to a term of mandatory supervised release.

■■ We believe that the mandatory supervised release term is analogous to parole which it replaced. In *People ex. rel. Scott v. Israel* (1977), 66 Ill. 2d 190, 194, 361 N.E.2d 1108, the Illinois Supreme Court ruled that "[t]he sentence to a mandatory parole is part of the original sentence by operation of law"; therefore, we believe that the mandatory supervised release term is part of the original sentence by operation of law. In *People v. Wills* (1975), 61 Ill. 2d 105, 330 N.E.2d 505, a case involving a direct appeal from pleas of guilty, our supreme court ruled that in order to insure that pleas of guilty are understandingly and knowingly entered, Supreme Court Rule 402(a)(2) (Ill. Rev. Stat. 1977, ch. 110A, par. 401(a)(2)) requires that a defendant be admonished of the parole term prior to pleading guilty subsequent to May 19, 1975.

■■ In *People v. McCoy* (1979), 74 Ill. 2d 398, 385 N.E.2d 696, a post-conviction petition case, our supreme court was faced with whether the petitioner should be granted post-conviction relief when the trial court failed to inform him of the mandatory parole term as well as certain other rights. The supreme court ruled that in order to be entitled to post-conviction relief, petitioner must show that his plea was not intelligently, understandingly, and voluntarily entered, thereby, establishing a substantial denial of his rights under the constitutions of the United States or of the State of Illinois. Our supreme court further ruled that the record failed to show that the petitioner was denied a substantial constitutional right under either the Constitution of the United States or the Constitution of the State of Illinois.

In the case at bar, petitioner was represented at trial and on the post-conviction petition by the public defender. At the start of the plea proceedings, it was stated that in exchange for defendant's plea to aggravated battery, the State would dismiss an escape and an armed robbery count, another case involving a charge of burglary, and a third case involving an unrelated charge of armed robbery and aggravated battery. Although petitioner stated that he wished to proceed under the law in effect at the time of sentencing rather than the law at the time the

aggravated battery was committed, the court explained the various possible sentences under each law. During the foregoing, the court failed to admonish petitioner of the mandatory supervised release term although petitioner was admonished of the parole term. Pursuant to section 8—2—4 of the Unified Code of Corrections (Ill. Rev. Stat. 1978 Supp., ch. 38, par. 1008—2—4), petitioner elected to be sentenced under the law in effect at the time of sentencing. The court explained the nature of the charge, the right of trial by jury or before the court, the right to confront witnesses against him, the right to cross-examine the State's witnesses, the right to present a defense, the right to subpoena witnesses in his own defense, the burden of the State to prove him guilty beyond a reasonable doubt, and the right to a speedy trial. Both petitioner and his counsel stated that counsel had previously explained the possible penalties to petitioner. Pursuant to section 5—3—1 of the Unified Code of Corrections (Ill. Rev. Stat. 1978 Supp., ch. 38, par. 1005—3—1), petitioner's prior record of criminality, which consisted of consecutive sentences of one to three years for unlawful restraint and escape in 1974, was stated for the record. Petitioner stated that his plea was voluntary and that no threats or promises, except the plea agreement, were made to him. After all the foregoing occurred, the court accepted petitioner's plea, concurred in the plea negotiations, and sentenced petitioner to three years imprisonment. Petitioner did not file a motion to withdraw his plea pursuant to Supreme Court Rule 604 (d) (Ill. Rev. Stat. 1977, ch. 110A, par. 604(d))[1] or attempt to file a direct appeal.

■■ At the post-conviction hearing, petitioner was present, but he did not testify. The hearing consisted solely of argument of counsel, and petitioner's counsel stated: "It isn't whether he knows or not [of the mandatory supervised release term], it is whether or not the Court fails to advise him."[2] Based upon the record before us, we hold that petitioner has failed to show that he was denied a substantial constitutional right under either the Constitution of the United States or the Constitution of Illinois.

Petitioner relies on *United States ex. rel. Baker v. Finkbeiner* (7th Cir. 1977), 551 F. 2d 180, and *United States ex. rel. Ferris v. Finkbeiner* (7th Cir. 1977), 551 F. 2d 185, *cert. denied sub nom. Rowe v. Ferris* (1978), 435 U.S. 932, 55 L. Ed. 2d 530, 98 S. Ct. 1508. We feel, however, that the recent United States Supreme Court opinion in *United States v. Timmreck* (1979), ___ U.S. ___, 60 L. Ed. 2d 634, 99 S. Ct. 2085, is

---

[1] The State incorrectly argues that the issue of whether petitioner's plea was involuntary for failure to admonish of the mandatory supervised release term is waived. *People v. Parker* (1978), 57 Ill. App. 3d 697, 373 N.E.2d 737; *In re Buchanan* (1978), 62 Ill. App. 3d 463, 379 N.E.2d 122.

[2] At another point, counsel argued that petitioner did not know of the mandatory supervised release term; however, the argument is unsupported by evidence or by allegations of the post-conviction petition.

more applicable to the issue in the case at bar. Timmreck pleaded to an offense, for which the possible penalty was 15 years imprisonment, a $25,000 fine, and at least a three year mandatory special parole term. The court failed to admonish Timmreck of the mandatory special parole term. He was sentenced to 10 years imprisonment, a fine of $5,000, and a special parole term of five years. No appeal was taken from the sentence. Two years later, petitioner moved to vacate the sentence pursuant to 28 U.S.C. §2255 (1976) on the grounds that the trial judge had violated Rule 11 of the Federal Rules of Criminal Procedure by accepting his plea without informing him of the mandatory special parole term. Timmreck, as the petitioner in the case at bar, did not allege that he was actually unaware of the special parole term or that, if he had been properly advised by the trial judge, he would not have pleaded guilty. His only claim is of a technical violation of the rule. The Supreme Court denied post-conviction relief and ruled that the error was neither constitutional nor jurisdictional. The district court had denied post-conviction relief and ruled that Timmreck had not suffered any prejudice inasmuch as he had received a sentence within the maximum described to him at the time the guilty plea was accepted. As previously stated, we do not believe that petitioner has established anything greater than a technical violation of Supreme Court Rule 402.

For the foregoing reasons, the judgment of the Circuit Court of Jefferson County is affirmed.

Affirmed.

JONES and KARNS, JJ., concur.