THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. MICHAEL MOORE, Defendant-Appellant.

First District (5th Division)   No. 1—88—1418

Opinion filed May 10, 1991.—Modified on denial of rehearing June 28, 1991.

Michael J. Pelletier and Kenneth L. Jones, both of State Appellate Defender's Office, of Chicago, for appellant.

John O'Malley, State's Attorney, of Chicago (Renee Goldfarb, David R. Butzen, and Kathleen A. Panozzo, Assistant State's Attorneys, of counsel), for the People.

JUSTICE McNULTY delivered the opinion of the court:

Defendant appeals from the denial of his motion to withdraw pleas of guilty to five counts of armed robbery. He contends that his pleas were not entered voluntarily both because he was under the influence of drugs at the time such pleas were entered, and also because he was not fully informed of the mandatory supervised release provisions which accompanied his sentence. Defendant also contends that he was improperly convicted of five counts of armed robbery when the State's factual basis establishes only three such offenses.

On August 25, 1987, defendant Michael Moore agreed to a plea conference between his attorney, the State, and the trial judge concerning three armed robbery indictments. In proceedings held on October 8, the court announced that an agreement had been reached which would result in two concurrent sentences of 18 years' imprisonment for two of the offenses, with a consecutive sentence of 10 years for the third offense which was allegedly committed while defendant was out on bond. The court also stated that another judge before whom a fourth case against Moore was pending had agreed to accept a plea of guilty and would impose a sentence concurrent to the one resulting from the present plea agreement. After Moore acknowledged understanding this agreement, the court admonished him on the rights waived by a guilty plea, accepted his pleas, solicited statements in aggravation and mitigation, as well as a statement from defendant concerning his drug addiction, and then imposed the sentences previously agreed upon.

On October 27, 1987, a motion to withdraw plea of guilty was filed on behalf of defendant, alleging that defendant had been under the influence of drugs and did not understand the true nature of the proceedings at the time he pled guilty. An amended motion to vacate the plea of guilty was tendered to the court on March 31, 1988, which in addition to addressing the involuntariness of defendant's plea, also contested the constitutionality of the consecutive sentencing provision involved in a portion of defendant's sentence. The trial judge denied the motion to vacate the plea of guilty, finding both that there was no evidence to support Moore's claims of drug influence, and that the sentencing statute was constitutional. Defendant now appeals the denial of his motion to vacate, alleging that such plea was not made knowingly as he was under the influence of drugs at the time and was not fully informed of sentencing provisions. The constitutional issue is not raised on appeal.

Defendant argues that his motion to vacate was incorrectly denied, as such plea was not made knowingly and intelligently as required by law. (*Boykin v. Alabama* (1969), 395 U.S. 238, 23 L. Ed. 2d 274, 89 S. Ct. 1709.) Defendant alleges not only that he was under the influence of drugs at the time the plea was entered, but also that he was not fully advised of the complete sentence (including the supervised release) which was imposed.

■ In support of his argument that he was under the influence of drugs at the time of the guilty plea, Moore maintains that while waiting to be brought to court, he found a package of drugs in a holding cell and ingested a portion of these. Moore further states that his impression of the hearing was that he would be given a sentence of 10 years for the three cases. He alleges that after the plea he learned from the court's bailiff that he had been sentenced to 28 years instead of the 10. That night defendant put himself on sick call, and three days after the plea he was hospitalized for a drug overdose.

At the hearing on defendant's motion to withdraw guilty plea, the trial court dismissed these arguments as unbelievable. The judge stated that he remembered the circumstances of the plea, and that at the time it was obvious that Moore understood what was going on, and that he was able to address the court cogently. Furthermore, the judge recalled that at the hearing Moore did not slur his words, his eyes appeared bright, and there was no indication of any drug-induced state. In fact, Moore had participated in an intelligent colloquy with the court regarding his eligibility for the TASC (Treatment Alternatives to Street Crime) and Gateway programs. Hospital records do not establish that defendant was under the influence of drugs at the time of the guilty plea. Rather, these records establish the fact that defendant was treated at the hospital on October 9, 1987, and October 12, 1987. On October 9 (the day after the hearing), he was diagnosed as having a headache, and Tylenol was prescribed. On October 12, four days after the plea of guilty, defendant was brought to the hospital because of an alleged drug overdose.

Thus, the only evidence of defendant's alleged intoxication at the time of the guilty plea is his own testimony to that effect. This testimony is unsupported by the medical evidence and is contrary to both the record and the recollections of the trial judge. We therefore find that the trial court was correct in determining that defendant was not under the influence of drugs at the time of the entry of the guilty plea and that therefore his plea was made knowingly and should not be vacated for these reasons.

■ Defendant further contends that his plea was not made knowingly and should be vacated because he was not fully admonished as to the supervised release term and thus did not understand all the terms of the sentence he would receive. Assuming, *arguendo*, that this issue has been preserved for appeal, a review of the record supports a finding that the trial judge substantially complied with Supreme Court Rule 402 (134 Ill. 2d R. 402) requirements in admonishing defendant before accepting his plea. This rule requires that before accepting a plea of guilty a trial judge must admonish a defendant as to the nature of the charges against him, his right to plead guilty or not, the minimum and maximum sentences prescribed by law, and the fact that by pleading guilty a defendant waives the right to trial by jury and the right to confront witnesses against him.

Case law has held that there need be only substantial, not literal, compliance with these provisions. (*People v. Krantz* (1974), 58 Ill. 2d 187, 192, 317 N.E.2d 559, 562.) Every deviation therefrom does not require reversal. *People v. McCoy* (1979), 74 Ill. 2d 398, 385 N.E.2d 696.

In the case at bar, the trial judge informed defendant of the nature of the charges against him, of the consequences of pleading guilty, and of the maximum number of years to which he could be sentenced on the charges before the court. On both August 25, 1987 (the day of the plea conference) and October 8 (the day of the hearing), defendant was told that he was being charged with three Class X felonies, each carrying a term of imprisonment in the State penitentiary from 6 to 30 years, or a maximum of 90 years. Additionally, defendant was advised that since one of the felonies was allegedly committed while he was on bond, even if there was a package deal on the first two offenses, sentencing on the third would have to be consecutive. Defendant informed the court that he understood the meaning of consecutive sentencing. He also informed the court that he understood that as a result of the plea negotiations, in exchange for pleading guilty on the three felonies, he would be sentenced to 18 years in the Illinois penitentiary on the first two to run concurrently, and to 10 consecutive years on the third.

It is not disputed that the trial judge failed to advise defendant of the mandatory supervised release term (three years for a Class X felony) (Ill. Rev. Stat. 1987, ch. 38, par. 1005—8—1(d)), although he clearly advised Moore of the maximum amount of time to which he could be sentenced on the felonies involved.

■ Our supreme court has held that the fact that a defendant had not been informed of mandatory parole requirements (now man-

datory supervised release) is a factor to be considered in determining whether a plea of guilty was voluntarily and intelligently made by defendant. (*People v. Wills* (1975), 61 Ill. 2d 105, 330 N.E.2d 505, *cert. denied* (1975), 423 U.S. 999, 46 L. Ed. 2d 374, 96 S. Ct. 430.) In *Wills*, this factor was not enough to render a plea of guilty involuntary or unintelligent. (*Wills*, 61 Ill. 2d 105, 330 N.E.2d 505.) In this case, defendant's plea of guilty was found to be voluntary even though he was not advised of parole terms for all charges against him. The *Wills* court found substantial compliance with the requirements of Rule 402, as Wills had been admonished about the mandatory parole provision on the charge in which he received the greatest sentence. Thus, Wills was aware of the maximum sentence which he could receive.

In *People v. McCoy* (1979), 74 Ill. 2d 398, 385 N.E.2d 696, the Illinois Supreme Court also determined that a defendant's plea was entered knowingly even though he had not been advised of the mandatory parole period. In *McCoy*, the defendant entered a plea of guilty to burglary in exchange for the State's recommendation of a sentence for the revocation of defendant's parole. On appeal, the Illinois Supreme Court found that the record clearly showed that defendant understood that the *quid pro quo* for the plea of guilty was the recommendation that there be concurrent sentences of one to three years, and that the defendant knew the court was not bound to accept the recommendation and could sentence the defendant to a term of not less than one nor more than 20 years. The court further determined that since the indeterminate sentence imposed, together with the mandatory parole period, was substantially less than the maximum of 20 years to which defendant knew he could be sentenced, defendant's plea was voluntarily and intelligently made.

Unlike the defendant in either *Wills* or *McCoy*, Moore entered a negotiated plea of guilty. Thus he agreed to accept a predetermined sentence regardless of the statutory minimum or maximum term of years. A similar factual situation is found in the case of *People v. Miller* (1982), 107 Ill. App. 3d 1078, 438 N.E.2d 643. In *Miller*, after defendant entered a negotiated plea the trial judge informed him of the charges and possible sentences against him, neglecting to include the term of mandatory parole. On appeal, the court determined that since the sentence imposed, together with the mandatory parole period, was substantially less than the maximum to which the defendant knew he could be sentenced, the plea was intelligently and voluntarily made. The Illinois Supreme Court denied defendant's request for review. Miller then requested *habeas corpus* relief from the Federal dis-

trict court. This court found that since Miller had not been informed of the mandatory supervised release term, this portion of his sentence should be stricken. The Seventh Circuit Court of Appeals further determined that because the trial judge committed errors beyond failing to advise Mr. Miller of the mandatory supervised release (including the failure to also advise him of the privilege against self-incrimination, and the right to confront witnesses against him), the striking of the mandatory supervised release term from Miller's sentence was not an adequate remedy. (*United States ex rel. Miller v. McGinnis* (7th Cir. 1985), 774 F.2d 819.) Because of the numerous defects in Miller's plea, the court of appeals remanded the case to the district court to issue a writ of *habeas corpus*, unless within 120 days the State of Illinois vacated Miller's plea of guilty and allowed him to plea anew.

Although we rely on Illinois case law in holding that Mr. Moore's plea was intelligently and voluntarily made, we do find the order of the district court in *Miller* persuasive, and thus order that the three-year term of mandatory supervised release be stricken from Moore's sentence. Because Moore's plea proceeding involved only this one defect, we find it unwarranted to vacate the entire plea.

■ Moore also alleges that he was incorrectly convicted of five counts of armed robbery when the factual basis offered by the State establishes that only three armed robberies actually occurred. Assuming, *arguendo*, that this issue has been preserved for appeal, case law dictates that two of defendant's five armed robbery convictions are improper. In two of the armed robbery charges, defendant pleaded guilty to two counts of armed robbery. Both of these charges involved robberies of business establishments, a currency exchange and a Kentucky Fried Chicken. In both instances, there were two complaining witnesses, but only one actual robbery. In *People v. Mack* (1984), 105 Ill. 2d 103, 473 N.E.2d 880, *vacated on other grounds* (1987), 479 U.S. 1074, 94 L. Ed. 2d 127, 107 S. Ct. 1266, the Illinois Supreme Court held that only one conviction for armed robbery could be sustained in the robbery of a bank, even though the taking had occurred in the presence of two named complainants. The charges in the instant action are factually similar to those in *Mack*. Since they involve only one taking in each instance, convictions should have been for one count of armed robbery in each of the aforementioned charges. Therefore, it is appropriate that two convictions of armed robbery be vacated as requested by the defendant.

For the reasons stated above, we affirm the trial court's denial of defendant's motion to withdraw his guilty pleas, and vacate two of

defendant's armed robbery convictions, and modify the defendant's sentence to a term of 28 years inclusive of any mandatory supervised release.

Affirmed in part; vacated in part and modified in part.

MURRAY and GORDON, JJ., concur.