Defendant Steven Russell appeals from the summary dismissal of his pro se postconviction petition. Defendant contends his petition was sufficient to survive dismissal at the first stage of postconviction relief where it alleged a due process violation based on the trial court's failure to admonish him under Supreme Court Rule 402 (177 Ill. 2d R. 402) that he would be required to serve a 2-year period of mandatory supervised release in addition to his negotiated 14-year prison term. We agree with defendant and reverse and remand this case for further proceedings.
Defendant was charged with three counts of unlawful use of a weapon and one count of attempted armed robbery for a crime he committed on November 17, 1998. Defendant agreed to plead guilty to the attempted armed robbery charge in exchange for a 14-year prison sentence. On June 4, 1999, the trial court held a conference where it admonished defendant of various matters under Rule 402, but did not inform defendant that he would be required to serve 2 years of mandatory supervised release in addition to the agreed 14-year prison term. The trial court accepted defendant's plea and sentenced him to 14 years in prison. The court also granted the State's motion to nol-pros the remaining three charges for unlawful use of a weapon. Although *Page 18 
the mittimus does not reflect that defendant was also sentenced to two years' mandatory supervised release, the supervised release period was automatically included as part of the sentence under section 5-8-1(d)(2) of the Unified Code of Corrections (Code) (730 ILCS 5/5-8-1(d)(2) (West 1998)). See People v. Brown,296 Ill. App. 3d 1041, 1043, 695 N.E.2d 1374 (1998) (mandatory period of supervised release relates to a term of imprisonment by statutory requirement without regard to whether the period is expressly attached by the sentencing court to the term of imprisonment; mandatory supervised release term is imposed as though written into the term of imprisonment by the sentencing court).
On June 23, 2001, defendant filed a pro se
postconviction petition alleging a due process violation based on the trial court's failure to inform him that he was required to serve 2 years of mandatory supervised release in addition to his 14-year prison sentence. The trial court summarily dismissed defendant's petition as frivolous and patently without merit.
We review de novo whether a petition for postconviction relief stated the gist of a meritorious constitutional claim sufficient to survive dismissal at the first stage of the postconviction process. People v.Lucas, 203 Ill. 2d 410, 418, 787 N.E.2d 113 (2002).
Defendant contends on appeal that his petition stated the gist of a meritorious constitutional claim that his plea was neither knowing nor voluntary because the trial court failed to admonish him with respect to the two-year term of mandatory supervised release. Defendant does not challenge the 14-year prison sentence or his plea on any other grounds. Rather, defendant asks that we leave his 14-year prison term intact but vacate the mandatory supervised release portion of his sentence.
Rule 402 sets forth the admonishments that a defendant must be given before entering a guilty plea. 177 Ill. 2d R. 402. Among other things, the rule requires that where a defendant enters into a negotiated plea agreement that contemplates the imposition of a specific sentence, and the trial court indicates that it does not concur with the agreed-upon sentence, the defendant must be given an opportunity either to affirm or withdraw his plea. 177 Ill. 2d R. 402. In other words, a defendant has the right, before sentencing, to affirm or withdraw his guilty plea if the defendant will not receive the benefit of his bargain with the State. People v.Didley, 213 Ill. App. 3d 910, 915, 572 N.E.2d 423 (1991). A trial court's failure to comply with Rule 402 does not necessarily raise an issue of constitutional dimension.People v. O'Toole, 174 Ill. App. 3d 800, 802,529 N.E.2d 54 (1988). Rather, noncompliance is relevant in postconviction proceedings to the extent *Page 19 
the record shows that the defendant's plea was not made knowingly and voluntarily. O'Toole,174 Ill. App. 3d at 802.
Defendant cites People v. Moore,214 Ill. App. 3d 938, 574 N.E.2d 37 (1991), and United States ex rel. Millerv. McGinnis, 774 F.2d 819 (7th Cir.1985), in support of his claim that his plea was not entered into knowingly or voluntarily. The appellate court in Moore relied onMcGinnis to strike the defendant's mandatory supervised release term on the ground that the trial court failed to admonish the defendant that he would be subject to mandatory supervised release before entering a negotiated guilty plea. Moore, 214 Ill. App. 3d at 944.
Although not cited by defendant, several other Illinois courts have found that the failure to inform a defendant of mandatory supervised release is relevant to deciding whether the defendant entered an intelligent and voluntary guilty plea. See People v. Fish, 316 Ill. App. 3d 795,737 N.E.2d 694 (2000); Didley, 213 Ill. App. 3d 910; Peoplev. Kull, 171 Ill. App. 3d 496, 525 N.E.2d 1223 (1988);O'Toole, 174 Ill. App. 3d 800; People v.Louderback, 137 Ill. App. 3d 432, 484 N.E.2d 503 (1985). However, despite defendant's argument and the language in some of these cases to the contrary, "our supreme court made clear in Wills that the mere failure of the trial court to explain the mandatory supervised release term prior to accepting a guilty plea does not, per se, render the plea agreement constitutionally infirm." People v.Smith, 285 Ill. App. 3d 666, 669, 676 N.E.2d 224 (1996), citing People v. Wills, 61 Ill. 2d 105, 109-11,330 N.E.2d 505 (1975). In Smith, we held that to establish a due process violation, the following conditions must be met: (1) the record must establish that the court informed the defendant he would receive a specific sentence upon entering a guilty plea; (2) the trial court sentenced the defendant to a term greater than the term taking into account any period of supervised release; and (3) the defendant raises a good-faith argument that he would not have pled guilty if he had been fully and correctly informed by the court of his potential sentence. Smith, 285 Ill. App. 3d at 670; see alsoFish, 316 Ill. App. 3d at 800 (a defendant should not obtain relief for incomplete admonishments without a good-faith argument that the incompleteness prejudiced him).
The State concedes that defendant has established the first two conditions of the test set forth in Smith. Rather, the State argues defendant has failed to meet the last condition of the Smith test, which requires defendant to present a good-faith argument that he would not have pled guilty if he had been fully and correctly informed by the court that his sentence would include a 2-year period of mandatory supervised release in addition to the agreed 14-year prison term. We disagree. *Page 20 
The State fails to take into consideration the procedural posture of this case. At the first stage of postconviction relief, the trial court must review the postconviction petition independently to determine whether the petition is frivolous or patently without merit. People v.Edwards, 197 Ill. 2d 239, 244, 757 N.E.2d 442 (2001). If the court determines that the petition is frivolous or patently without merit, it must dismiss the petition. Edwards,197 Ill. 2d at 244. A postconviction petition is considered frivolous and patently without merit only where the allegations contained in the petition, taken as true, fail to present the gist of a meritorious constitutional claim. Edwards,197 Ill. 2d at 244. To set forth the gist of a constitutional claim, a pro se petitioner need not present claims in their entirety. Edwards, 197 Ill. 2d at 244. Rather, apro se petitioner need only present a limited amount of detail to survive dismissal at the first stage.Edwards, 197 Ill. 2d at 244-45. If the trial court does not dismiss the postconviction petition, then the inquiry advances to the second stage where counsel may be appointed and the State is afforded an opportunity to file responsive pleadings. Edwards, 197 Ill. 2d at 245-46. At the second stage, the trial court must decide whether the petition and accompanying documentation make a substantial showing of a constitutional violation. Edwards, 197 Ill. 2d at 246. If no such showing is made, the petition may be dismissed.Edwards, 197 Ill. 2d at 246. On the other hand, if the trial court finds a substantial showing of a constitutional violation, the inquiry is advanced to the third stage of postconviction relief where the trial court conducts an evidentiary hearing. Edwards, 197 Ill. 2d at 246.
Defendant's pro se petition alleged that: (1) the trial court informed defendant he would receive a specific term of imprisonment upon pleading guilty; (2) the trial court sentenced defendant to a term greater than that which was agreed upon; and (3) "[defendant] would not have pled guilty if he had been fully and correctly informed by the court of his potential sentence." The State argues we should affirm the dismissal of defendant's pro se petition at the first stage because his claim that he would not have pled guilty had he known of the mandatory supervised release period "is unworthy of belief and, therefore, "his claim does not meet the third requirement ofSmith." The State is getting ahead of itself. A postconviction petition may only be dismissed at the first stage where the allegations contained therein, "taken as true and liberally construed," fail to present the gist of a constitutional claim. Edwards, 197 Ill. 2d at 244. Defendant set forth the three elements required bySmith. Whether defendant is truthful in his assertion that he would not have pled guilty had he known of the two-year term of mandatory supervised release is not properly *Page 21 
considered at the first stage of postconviction relief. We find that the trial court erred in summarily dismissing defendant's petition.
We note that defendant has requested as a form of relief that we leave his 14-year prison term intact and simply vacate the mandatory supervised release portion of his sentence. Defendant cites Moore, 214 Ill. App. 3d 938, in support of his request. The defendant in Moore appealed the denial of his motion to withdraw his guilty plea, arguing his plea was not entered into knowingly or voluntarily because the trial court failed to advise the defendant that he would automatically receive a term of mandatory supervised release in addition to the specific prison sentence agreed upon by the State. The court agreed and vacated the mandatory supervised release portion of the defendant's sentence. Moore,214 Ill. App. 3d at 944. In so doing, the court relied on an unpublished federal district court case that originated in Illinois (see People v. Miller, 107 Ill. App. 3d 1078
(1982)). Moore, 214 Ill. App. 3d at 943-44.
The defendant in Miller argued on direct appeal to this court that his convictions for murder, attempted murder, attempted armed robbery and aggravated battery should be reversed because, among other things, his guilty plea was not entered into knowingly or voluntarily based on the trial court's failure to instruct the defendant as to the mandatory supervised release periods that attached to his convictions.Miller, 107 Ill. App. 3d at 1079. We rejected the defendant's argument and affirmed his convictions.Miller, 107 Ill. App. 3d at 1086. Following our decision, the defendant filed a writ of habeas corpus
petition in the United States District Court. SeeMcGinnis, 774 F.2d at 822. The district court agreed with the defendant's argument that his guilty plea was not voluntary and struck the mandatory supervised release portion of the defendant's sentence. See McGinnis, 774 F.2d at 822. On appeal from that decision, the Seventh Circuit Court of Appeals found that because the trial court committed errors beyond the failure to inform the defendant that he would automatically receive a term of mandatory supervised release, the striking of the defendant's mandatory supervised release term from the sentence was an inadequate remedy.McGinnis, 774 F.2d at 825. After concluding that the plea proceedings as a whole were deficient, the Seventh Circuit remanded the case to the district court with instructions to issue a writ of habeas corpus unless, within 120 days, the State of Illinois vacated the defendant's plea and allowed him to plead anew. McGinnis, 774 F.2d at 825.
The court in Moore stated that it found "the order of the district court in Miller persuasive, and thus order[ed] that the three-year term of mandatory supervised release be stricken from [the defendant's] *Page 22 
sentence." Moore, 214 Ill. App. 3d at 944. We decline to follow Moore for two reasons. First, unlike this case, Moore involves a direct appeal rather than an appeal from the dismissal of a postconviction petition. As explained above, proceedings under the Post-Conviction Hearing Act (725 ILCS 5/122-1 et seq. (West 2000)) are subject to specific statutory directives concerning the court's treatment of a post-conviction petition. Here, defendant filed apro se postconviction petition that was summarily dismissed by the trial court as frivolous and patently without merit. As stated above, we find that the trial court's dismissal was error because defendant's petition stated the gist of a meritorious constitutional claim sufficient to survive first-stage summary dismissal. The only appropriate remedy is to remand this case back to the trial court with directions that defendant's petition be redocketed and advanced to the second stage of postconviction relief. See Edwards, 197 Ill. 2d at 257-58.
Our second point of contention with Moore is particularly relevant to the proceedings on remand. Specifically, we disagree with Moore to the extent it holds that a court has authority to strike only the portion of a defendant's sentence that imposes a term for mandatory supervised release. Under the plain language of section 5-8-1(d)(2) of the Code (730 ILCS 5/5-8-1(d)(2) (West 1998)), a defendant's sentence must be accompanied by a period of mandatory supervised release. The Statute provides:
 "Except where a term of natural life is imposed, every sentence shall include as though written therein a term in addition to the term of imprisonment. For those sentenced under the law in effect prior to February 1, 1978, such term shall be identified as a parole term. For those sentenced on or after February 1, 1978, such term shall be identified as a mandatory supervised release term. Subject to earlier termination under Section 3-3-8, the parole or mandatory supervised release term shall be as follows:
 ***
 (2) for a Class 1 felony or a Class 2 felony, 2 years[.]" (Emphasis added.) 730 ILCS 5/5-8-1(d)(2) (West 1998).
Courts do not have authority to strike the mandatory supervised release term imposed under this statute. SeePeople v. Brown, 296 Ill. App. 3d at 1043 (mandatory supervised release attaches to sentence automatically; State has no right to offer the withholding of such period and the court has no power to withhold such period in imposing sentence). We conclude that if defendant succeeds in his postconviction claim, the only available remedy is to permit defendant to withdraw his guilty plea and vacate his sentence. See People v. Evans, 174 Ill. 2d 320, 332,673 N.E.2d 244 (1996) (where a defendant and *Page 23 
the State enter into a negotiated plea agreement in which the defendant pleads guilty to certain charges in exchange for the State's agreement to dismiss other charges and recommend a specific sentence, the defendant must move to withdraw his plea and vacate sentence so that, in the event the motion is granted, the parties are returned to the status quo).
The judgment of the circuit court is reversed and the cause is remanded with directions.
Reversed and remanded.
WOLFSON, P.J., and GARCIA, J., concur.