THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. BLANCHE BENFORD, Defendant-Appellant.

Second District  No. 2—02—1071

Opinion filed January 30, 2004.

G. Joseph Weller and Kim M. DeWitt, both of State Appellate Defender's Office, of Elgin, for appellant.

Paul A. Logli, State's Attorney, of Rockford (Martin P. Moltz and Diane L. Campbell, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

PRESIDING JUSTICE O'MALLEY delivered the opinion of the court:

Defendant, Blanche Benford, was indicted for unlawful possession of a controlled substance with intent to deliver within 1,000 feet of a church (720 ILCS 570/407(b)(1) (West 2000)). She entered a negotiated plea in which she agreed to an eight-year term of imprisonment. After being sentenced, defendant moved to withdraw her guilty plea. The trial court denied the motion and defendant appeals. We affirm.

Defendant argues that the court did not properly admonish her pursuant to Supreme Court Rule 402(a) (177 Ill. 2d R. 402(a)) in that it failed to inform her that her sentence would include a·three-year mandatory supervised release (MSR) term. She seeks as a remedy the modification of her sentence. We review *de novo* the trial court's

compliance with supreme court rules. *People v. Hayes*, 336 Ill. App. 3d 145, 147 (2002).

■ The State contends that defendant has waived this argument by failing to raise it in her motion to withdraw her guilty plea. Defendant responds that although she did not raise this specific issue in her motion, she did argue that her sentence was too long. Additionally, defendant requests that we review her claim pursuant to the plain-error exception to the waiver rule. See *People v. Davis*, 145 Ill. 2d 240, 250 (1991) (the failure to properly admonish a defendant pursuant to Rule 402 may amount to plain error). Even if we excuse defendant's waiver, however, her argument fails.

■ Defendant pleaded guilty to a Class X offense. See 720 ILCS 570/407(b)(1) (West 2000). The MSR term for a Class X offense is three years. 730 ILCS 5/5—8—1(d)(1) (West 2000). The negotiated plea did not make reference to the MSR term. Rather, the parties agreed only to an eight-year term of imprisonment, along with various fines. The record reflects that the trial court failed to admonish defendant regarding the MSR term that would attach to her sentence. A trial court's failure to admonish a defendant regarding an MSR term, when the defendant has entered a negotiated plea, may constitute reversible error requiring vacation of the guilty plea. See *People v. Day*, 311 Ill. App. 3d 271, 274-75 (2000). Here, however, defendant does not request that we reverse the court's denial of her motion to withdraw her guilty plea. In fact, she states that doing so would be inappropriate. Instead, she requests that we either (1) strike her MSR term, or (2) reduce her sentence to six years' imprisonment plus three years' MSR. We hold that both forms of relief are unavailable to defendant.

Defendant first requests that we strike her MSR term. She relies on *People v. Moore*, 214 Ill. App. 3d 938 (1991), where the reviewing court vacated the defendant's MSR term because the trial court failed to admonish him that an MSR term would automatically attach to his sentence. *Moore*, 214 Ill. App. 3d at 944. In *People v. Russell*, 345 Ill. App. 3d 16 (2003), however, the court rejected the holding in *Moore*. There, the defendant entered a negotiated guilty plea in exchange for a 14-year prison sentence. At the plea hearing, the trial court failed to admonish the defendant regarding the MSR term and sentenced him to 14 years' imprisonment plus a 2-year MSR term. On appeal, the defendant asked the reviewing court to vacate the MSR term. The court rejected this form of relief and explicitly declined to follow *Moore*. *Russell*, 345 Ill. App. 3d at 21-22. The court reasoned that the Unified Code of Corrections requires that a defendant's sentence be accompanied by an MSR term. See 730 ILCS 5/5—8—1(d) (West 2000).

Accordingly, the court held that it did not have the authority to strike the MSR term imposed under the statute. *Russell*, 345 Ill. App. 3d at 22. Therefore, the court concluded that "the only available remedy is to permit defendant to withdraw his guilty plea and vacate his sentence." *Russell*, 345 Ill. App. 3d at 22; see also *People v. Brown*, 296 Ill. App. 3d 1041, 1043 (1998) ("*courts of this state have no author-ity to strike the mandatory supervised release term*").

We agree with *Russell*. Accordingly, we deny defendant's request to strike her MSR term.

In the alternative, defendant argues that we should reduce her sentence to six years' imprisonment plus three years' MSR so that her sentence more closely resembles the sentence for which she bargained. A defendant who seeks to challenge a sentence entered pursuant to a negotiated guilty plea agreement must first move to withdraw the guilty plea and vacate the judgment. *People v. Evans*, 174 Ill. 2d 320, 332 (1996); see also *Russell*, 345 Ill. App. 3d at 22 ("the only available remedy is to permit defendant to withdraw his guilty plea and vacate his sentence"). Here, however, defendant is seeking to modify her sentence without vacating her guilty plea. Therefore, we must reject defendant's request to reduce her sentence.

The judgment of the circuit court of Winnebago County is affirmed.

Affirmed.

CALLUM and GILLERAN JOHNSON, JJ., concur.