THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. EDWARD HARRIS, Defendant-Appellant.

Fifth District    No. 5—07—0205

Opinion filed May 11, 2009.

SPOMER, J., specially concurring.
GOLDENHERSH, J., dissenting.

E. Joyce Randolph and Paige Clark Strawn, both of State Appellate Defender's Office, of Mt. Vernon, for appellant.

Robert Haida, State's Attorney, of Belleville (Norbert J. Goetten, Stephen E. Norris, and Sharon Shanahan, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE WELCH delivered the opinion of the court:

The defendant, Edward J. Harris, appeals from an order of the circuit court of St. Clair County denying his *pro se* petition for relief

from judgment pursuant to section 2—1401 of the Code of Civil Procedure (735 ILCS 5/2—1401 (West 2006)). The defendant contends that (1) the circuit court erred when it failed to recharacterize his *pro se* pleading as a postconviction petition pursuant to the Post-Conviction Hearing Act (725 ILCS 5/122—1 *et seq.* (West 2006)) and (2) his plea agreement was violated because he negotiated a six-year imprisonment term but was not admonished of the required period of mandatory supervised release to follow as required by *People v. Whitfield*, 217 Ill. 2d 177 (2005). For the following reasons, we affirm.

The defendant was charged with unlawful possession of a stolen vehicle, unlawful possession of a controlled substance, and unlawful possession with intent to deliver a controlled substance. On September 14, 2005, the defendant pled guilty to all three counts as a result of a plea agreement with the State. At the defendant's plea hearing, the State explained the terms of the plea agreement, stating that there was a "joint recommendation" to the court that the defendant be sentenced to six years' imprisonment, along with paying a $200 DNA analysis fee and submitting a DNA sample. The State's recitation of the plea agreement did not mention mandatory supervised release. The circuit court admonished the defendant of the effects of his guilty plea and sentenced the defendant to six years' imprisonment on each count, to be served concurrently, and with day-for-day credit. The sentencing order made no reference to the defendant's two-year period of mandatory supervised release.

On January 24, 2007, the defendant sent a handwritten letter to the circuit court stating that he had not been properly advised that he would have to serve a period of mandatory supervised release. On March 5, 2007, the defendant filed a *pro se* petition for relief from judgment pursuant to section 2—1401 of the Code of Civil Procedure (735 ILCS 5/2—1401 (West 2006)). In his petition, the defendant asserted that he had not been properly advised of the required period of mandatory supervised release, therefore rendering his guilty plea unknowing.

On March 20, 2007, the court entered an order denying the defendant's petition, stating:

> "The court does not find that the defendant Harris has plead [*sic*] or otherwise shown any meritorious defense to the judgment. Harris has failed to plead or otherwise raise any issues that could not have been presented to the trial court. Further, the [p]etition fails to raise any disputed issues of material fact."

On appeal, the defendant first argues that the circuit court erred when it failed to recharacterize his *pro se* petition for relief from judgment pursuant to section 2—1401 of the Code of Civil Procedure (735

ILCS 5/2—1401 (West 2006)) as a postconviction petition pursuant to the Post-Conviction Hearing Act (725 ILCS 5/122—1 *et seq.* (West 2006)). The defendant asserts that while the circuit court was not required to do so, the court had the authority to reclassify his *pro se* petition in "unusual and compelling circumstances" (*People v. Purnell*, 356 Ill. App. 3d 524, 529 (2005)). The defendant alleges that such compelling circumstances are present in his case in that there was a constitutional violation of record which will force him to serve a longer sentence than is permitted for his convicted offenses. More specifically, the defendant argues that the circuit court's failure to comply with Supreme Court Rule 402 (177 Ill. 2d R. 402) and admonish him of the required period of mandatory supervised release resulted in the defendant not getting the benefit of his plea bargain, thereby violating due process.

While we agree that the circuit court had the authority to treat the defendant's pleading as a petition under the Post-Conviction Hearing Act, we do not agree that the court erred in failing to do so. The Post-Conviction Hearing Act specifically provides that a circuit court is under no obligation to treat a postconviction pleading as one brought under that Act unless the pleading so specifies:

> "A person seeking relief by filing a petition under this Section must specify in the petition or its heading that it is filed under this Section. A trial court that has received a petition complaining of a conviction or sentence that fails to specify in the petition or its heading that it is filed under this Section *need not evaluate the petition to determine whether it could otherwise have stated some grounds for relief under this Article.*" (Emphasis added.) 725 ILCS 5/122—1(d) (West 2006).

This statutory provision was added to the Post-Conviction Hearing Act by amendment in 1997 in order to undo the line of cases (see, *e.g.*, *People v. Sturgeon*, 272 Ill. App. 3d 48 (1995)) holding that a trial court was required to recharacterize a defendant's pleading as a postconviction petition if that recharacterization could fairly be done based upon the contents of the pleading, even though the pleading made no reference to the Post-Conviction Hearing Act. See *People v. Holliday*, 369 Ill. App. 3d 678, 681 (2007). While the statutory provision does not prohibit a court from recharacterizing a petition, it removes any obligation on the part of the circuit court to even consider doing so.

In accordance with the statute, the Illinois Supreme Court has held that while a circuit court has the authority to recharacterize a petition for relief from judgment as a petition brought under the Post-Conviction Hearing Act, a circuit court is not required to even consider or evaluate the petition to determine whether it could have been

brought under the Post-Conviction Hearing Act. *People v. Shellstrom*, 216 Ill. 2d 45, 53 n.1 (2005). The supreme court was quite explicit about this in *Shellstrom*, when it stated, "[I]f a *pro se* pleading alleges constitutional deprivations that are cognizable under the [Post-Conviction Hearing] Act, *** a trial court is under no obligation to treat the pleading as a postconviction petition." 216 Ill. 2d at 53 n.1.

■ We acknowledge that line of appellate court cases which holds that a circuit court's decision whether to recharacterize a petition is reviewable under the abuse-of-discretion standard. See, *e.g.*, *People v. Smith*, 386 Ill. App. 3d 473 (2008) (and cases cited therein). However, even if we review for an abuse of discretion, it is clear from the statutory language and the supreme court's decision in *Shellstrom* that a circuit court's failure to recharacterize a petition would not constitute an abuse of discretion. Circuit courts have unfettered discretion to decline to consider even whether a petition could qualify as one filed pursuant to the Post-Conviction Hearing Act and unfettered discretion to refuse to so recharacterize a petition. To hold otherwise would effectively require every circuit court to evaluate petitions to determine whether they should be recharacterized as having been brought under the Post-Conviction Hearing Act, in direct contravention of the plain language of section 122—1(d) of that Act (725 ILCS 5/122—1(d) (West 2006)). Accordingly, in the defendant's case, we cannot conclude that the circuit court abused its discretion in failing to recharacterize the defendant's section 2—1401 petition as one filed under the Post-Conviction Hearing Act.

■ The next issue raised by the defendant on appeal is that his guilty plea was entered into unknowingly in that he negotiated a six-year imprisonment term but was not properly admonished of the required period of mandatory supervised release to follow as required by *People v. Whitfield*, 217 Ill. 2d 177 (2005), thereby violating the terms of his plea agreement. The defendant argues that the circuit court failed to substantially comply with Supreme Court Rule 402, which resulted in a violation of his due process rights. As a result, the defendant claims that his prison sentence should be reduced to include the two-year mandatory-supervised-release term.

The purpose of a section 2—1401 petition for relief from judgment is to correct all errors of fact occurring in the prosecution of a cause, unknown to the petitioner or court at the time the judgment was entered, which, if known then, would have prevented the judgment's rendition. *People v. Haynes*, 192 Ill. 2d 437, 461 (2000). Such a petition is not designed to provide a general review of all trial errors or to substitute for a direct appeal. *Haynes*, 192 Ill. 2d at 461. In the defendant's case, by arguing that the circuit failed to properly admon-

ish him of the required period of mandatory supervised release, the defendant alleged a constitutional violation under *People v. Whitfield*, 217 Ill. 2d 177 (2005). The defendant did not allege any errors of fact in his petition for relief from judgment. The defendant's *Whitfield* claim is not properly pursued in a petition for relief from judgment under section 2—1401. Thus, we do not need to address the merits of the defendant's *Whitfield* claim, and we find that the circuit court properly denied the defendant's petition.

For the foregoing reasons, the order of the circuit court of St. Clair County is hereby affirmed.

Affirmed.

JUSTICE SPOMER, specially concurring:

Contrary to the dissenting opinion of my colleague Justice Goldenhersh, I believe the resolution of the issue of the trial court's failure to recharacterize the defendant's petition for relief from judgment as a postconviction petition is dispositive of the relief this court can afford the defendant. Because I agree with my colleague Justice Welch that the trial court's order must be affirmed, I concur in that result. However, I write separately because I would use a different analytical framework to reach that conclusion.

I believe the plain language of section 122—1(d) of the Post-Conviction Hearing Act (the Act) (725 ILCS 5/122—1(d) (West 2006)), and the cases interpreting it, dictates that once a trial judge determines that a pleading does not specify "in the petition or its heading that it is filed under" section 122—1(d) and that the pleading therefore has not properly invoked the Act, the judge may do one of three things. First, the judge may stop right there and rule on the pleading as filed, without evaluating whether the pleading states grounds for relief under the Act. 725 ILCS 5/122—1(d) (West 2006) ("A trial court that has received a petition complaining of a conviction or sentence that fails to specify in the petition or its heading that it is filed under this Section need not evaluate the petition to determine whether it could otherwise have stated some grounds for relief under this Article"). By implication, when this approach is taken, the pleading will not be recharacterized as a petition under the Act.

Second, the judge may evaluate the pleading to see if it states grounds for relief under the Act and then decline to recharacterize it, either because it does not fit under the Act or for other reasons. Third, the judge may evaluate the pleading to see if it states grounds for relief under the Act and then recharacterize it, which of course triggers the admonishments the Illinois Supreme Court has held in *People*

*v. Shellstrom*, 216 Ill. 2d 45, 57 (2005), must be given when a pleading is recharacterized as a postconviction petition.

In my opinion, under the plain language of the Act, quoted above, if the judge chooses the first course of action described above and declines to evaluate whether the pleading states grounds for relief under the Act (and by implication does not recharacterize it), that choice is nonreviewable. The discretion to do this appears to be, as my colleague Justice Welch states, "unfettered." 391 Ill. App. 3d at 249. Although one might argue that the specter of the General Assembly creating a mechanism whereby a trial judge, rather than Illinois courts of review, becomes the final arbiter of the decision of whether to evaluate a pleading to determine if it states grounds for relief under the Act raises troubling constitutional questions, the Illinois Supreme Court seems to be have rejected those arguments, having held in *Shellstrom* that "while a trial court *may* treat a *pro se* pleading as a postconviction petition, there is no *requirement* that the court do so" (emphasis in original) and that "if a *pro se* pleading alleges constitutional deprivations that are cognizable under the Act[ ] but, as in the case at bar, the pleading makes no mention of the Act, a trial court is under no obligation to treat the pleading as a postconviction petition." 216 Ill. 2d at 53 n.1.

That said, I do not agree with Justice Welch that a trial court also has "unfettered discretion to refuse to" recharacterize a petition. 391 Ill. App. 3d at 249. I believe that if the judge chooses the second or third course of action described above and actually evaluates the pleading to see if it states grounds for relief under the Act, then the decision reached following that evaluation, whether the decision is to recharacterize or not to recharacterize, is reviewable under an abuse-of-discretion standard. See, *e.g.*, *People v. Holliday*, 369 Ill. App. 3d 678, 682 (2007) ("a trial court's decision regarding recharacterization is addressed to its sound discretion and will be reviewed under an abuse-of-discretion standard"); *People v. Starks*, 365 Ill. App. 3d 592, 597 (2006) (applying an abuse-of-discretion standard to a review of the trial court's implied construction of the defendant's " 'motion for a new trial' " as a petition under the Act).

The key question becomes whether there is evidence in the record that the judge evaluated the pleading, as opposed to simply declined to evaluate it. Often the record will contain no such evidence. In the absence of proof that the judge conducted an evaluation, I would conclude that both the plain language of the Act and the cases interpreting it dictate that we cannot review the judge's action or inaction. See 725 ILCS 5/122—1(d) (West 2006) ("A trial court that has received a petition complaining of a conviction or sentence that

fails to specify in the petition or its heading that it is filed under this Section need not evaluate the petition to determine whether it could otherwise have stated some grounds for relief under this Article"); *People v. Shellstrom*, 216 Ill. 2d 45, 53 n.1 (2005) (there is no requirement, and no obligation, that a trial court treat a *pro se* pleading as a postconviction petition). In the case at bar, no evidence has been presented that the judge engaged in an evaluation of whether the pleading stated grounds for relief under the Act. Accordingly, I would affirm the trial court on that basis.

Under a different set of circumstances, where it was clear from the record that an evaluation occurred, I would review the decision resulting from that evaluation under an abuse-of-discretion standard. For example, if a judge denied a petition for relief from judgment pursuant to section 2—1401 of the Code of Civil Procedure (735 ILCS 5/2—1401 (West 2006)) because the petition did not state grounds for relief under 2—1401 and the judge stated that he or she also had evaluated the petition and concluded that it did not state grounds for relief under the Act, then, if the petition did in fact state grounds for relief under the Act, I would reverse as an abuse of discretion that trial judge's failure to recharacterize it.

Because I agree, for the foregoing reasons, that the trial court's decision in this case must be affirmed, I concur in the result reached by Justice Welch but write separately to explain how I came to that result.

JUSTICE GOLDENHERSH, dissenting:

I respectfully dissent. My colleagues approach this appeal in terms of the scope of review of the trial judge's decision not to recharacterize defendant's petition for relief from judgment. While I agree with Justice Spomer more generally on this point, the core issue of this appeal is the *Whitfield* issue and the failure to follow *People v. Company*, 376 Ill. App. 3d 846, 876 N.E.2d 1055 (2007).

As to recharacterization, I disagree with Justice Spomer's position that if a judge declines to review the terms of possible recharacterization, "that choice is nonreviewable." 391 Ill. App. 3d at 251 (Spomer, J., specially concurring). My reading of *People v. Shellstrom*, 216 Ill. 2d 45, 833 N.E.2d 863 (2005), is that it is reviewable.

The real issue, however, is a *Whitfield* issue. By the majority's approach, the *Whitfield* issue is not reached.

Defendant was not properly admonished under the standard established in *People v. Whitfield*, 217 Ill. 2d 177, 189, 840 N.E.2d 658, 666 (2005). According to *Whitfield*, a defendant must be sufficiently admonished of any period of mandatory supervised release before

entering into a fully negotiated plea. *Whitfield*, 217 Ill. 2d at 189, 840 N.E.2d at 666. The failure to afford a defendant that protection violates due process. *Whitfield*, 217 Ill. 2d at 189, 840 N.E.2d at 666.

This case presents two issues under *Whitfield*. The first issue is whether *Whitfield* applies to this plea agreement. The second issue is whether the admonishment substantially complied with the standards of *Whitfield*.

The initial question is whether defendant entered into a plea agreement that entitled him to be admonished that he would have to serve a period of mandatory supervised release. The State contends that the plea agreement in this case lacks the absolute language of *Whitfield*. The State points out that the prosecutor began his address to the court by stating, "Subject to approval by the [c]ourt, we have a joint recommendation to the [c]ourt that the defendant be sentenced to six years to Illinois Department of Corrections \*\*\*."

The State further contends that the use of the phrase "joint recommendation" indicates that *Whitfield* does not apply, pointing to *People v. Holt*, 372 Ill. App. 3d 650, 867 N.E.2d 1192 (2007). In *Holt*, the prosecutor stated, " '[T]he State has agreed to recommend a commitment to the Illinois Department of Corrections for a period of 13 years, with the [d]efendant receiving credit for 247 days.' " (Emphasis omitted.) *Holt*, 372 Ill. App. 3d at 651, 867 N.E.2d at 1193-94. The court found that, despite the State's failure to restate the mandatory-supervised-release requirement during its recitation, the court had substantially complied with the notice requirement by informing the defendant that he would be subject to mandatory supervised release with any prison sentence. *Holt*, 372 Ill. App. 3d at 653, 867 N.E.2d at 1195. The court continued:

"We note that *Whitfield* may also be distinguishable on another ground. *Whitfield* specifically distinguished itself from situations where, as here, the State agrees to *recommend* a certain sentence. *Whitfield*, 217 Ill. 2d at 191, 840 N.E.2d at 667, citing *People v. McCoy*, 74 Ill. 2d 398, 403, 385 N.E.2d 696, 699 (1979). Where the State only promises to recommend a sentence and the total sentence imposed, including subsequent parole periods, is substantially less than the maximum sentence authorized by law, the court's failure to admonish defendant of the subsequent parole period is not of a 'constitutional dimension.' *Whitfield*, 217 Ill. 2d at 191, 840 N.E.2d at 667. Also, where the State only promises to recommend a certain sentence, the defendant does receive the benefit of the bargain he made with the State. *Whitfield*, 217 Ill. 2d at 191, 840 N.E.2d at 667. Here, though defendant categorized his plea agreement as 'fully negotiated' and ratified by the trial court, we note that the State categorized Holt's plea as 'open.' Indeed,

the State did only agree to 'recommend' a sentence of 13 years' imprisonment. Moreover, applying the *McCoy* factors, Holt's 13-year sentence plus 3-year [mandatory-supervised-release] term was substantially less than the 30-year maximum sentence authorized by law, and, unlike both *McCoy* and *Whitfield*, the trial court did in fact admonish Holt as to the [mandatory supervised release]." (Emphasis in original.) *Holt*, 372 Ill. App. 3d at 653-54, 867 N.E.2d at 1195-96.

Aside from any semantic difference between the use of the term "recommendation" in *Holt* and the phrase "joint recommendation," *Whitfield* calls for an admonition of defendant in the present case. The State correctly asserts that *Whitfield* distinguishes fully negotiated pleas from different forms of pleas. The distinction, however, does not apply to the case at hand.

*Whitfield* found that the defendant had not received the benefit of his bargain. In order to fulfill the benefit of the bargain, a defendant is entitled to receive what he was promised. *Whitfield*, 217 Ill. 2d at 185, 840 N.E.2d at 664; *Santobello v. New York*, 404 U.S. 257, 261, 30 L. Ed. 2d 427, 432, 92 S. Ct. 495, 498 (1971). The failure to provide the benefit of the bargain violates due process. In *Whitfield*, the defendant had entered into a negotiated plea agreement for a specific sentence of 25 years' imprisonment. *Whitfield*, 217 Ill. 2d at 191, 840 N.E.2d at 667. The court found that the imposition of the period of mandatory supervised release exceeded the specific sentence bargained for by the defendant. *Whitfield*, 217 Ill. 2d at 191, 840 N.E.2d at 667.

*Whitfield* analyzed the concept of benefit of the bargain through the precedent of *McCoy*. *Whitfield*, 217 Ill. 2d at 191, 840 N.E.2d at 667; *McCoy*, 74 Ill. 2d at 403, 385 N.E.2d at 699. In *McCoy*, the defendant had not been admonished of a mandatory parole term when entering his plea. As explained in *Whitfield*, *McCoy* found that the defendant was not prejudiced for the following reason:

" '[T]he *quid pro quo* for the plea of guilty was the [prosecutor's] *recommendation* that there be concurrent sentences of 1 to 3 years[,] [and] defendant knew that the court was not bound to accept the recommendation and could sentence defendant to a term of not less than 1 nor more than 20 years.' " (Emphasis in original.) *Whitfield*, 217 Ill. 2d at 191, 840 N.E.2d at 667, quoting *McCoy*, 74 Ill. 2d at 403, 385 N.E.2d at 699.

*Whitfield* then noted that *McCoy* distinguished itself from cases where a defendant had entered a plea in exchange for a promise of a specific sentence. *Whitfield*, 217 Ill. 2d at 191, 840 N.E.2d at 667; *McCoy*, 74 Ill. 2d at 403, 385 N.E.2d at 699; *United States ex rel. Baker v. Finkbeiner*, 551 F.2d 180 (7th Cir. 1977); *United States ex rel. Ferris v. Finkbeiner*, 551 F.2d 185 (7th Cir. 1977).

*Whitfield* reported that the distinction found in *McCoy* had been applied in subsequent cases. The court stated:

> "Generally, our appellate court has drawn a distinction, as suggested in *McCoy*, between 'open' guilty pleas and negotiated pleas for a specific sentence. In situations where a defendant has entered an open plea and the trial court has admonished the defendant regarding the maximum sentence to which he would be exposed by his plea, the failure to admonish a defendant concerning the [mandatory supervised release] is not a constitutional violation, as long as the sentence plus the term of [mandatory supervised release] is less than the maximum sentence which defendant was told he could receive." *Whitfield*, 217 Ill. 2d at 193-94, 840 N.E.2d at 668-69 (citing *People v. Fish*, 316 Ill. App. 3d 795, 737 N.E.2d 694 (2000), *People v. Brown*, 296 Ill. App. 3d 1041, 695 N.E.2d 1374 (1998), and *People v. Coultas*, 75 Ill. App. 3d 137, 394 N.E.2d 26 (1979)).

*Whitfield* then stated that if a defendant enters a plea in contemplation of a specific sentence, the imposition of an additional period of mandatory supervised release is a violation of due process. Reversible error had been found when the defendant did not receive the benefit of the bargain of the specified sentence. *Whitfield*, 217 Ill. 2d at 194, 840 N.E.2d at 669 (citing *People v. Smith*, 285 Ill. App. 3d 666, 670, 676 N.E.2d 224, 227-28 (1996), *People v. Moore*, 214 Ill. App. 3d 938, 944, 574 N.E.2d 37, 41 (1991), *People v. O'Toole*, 174 Ill. App. 3d 800, 801, 529 N.E.2d 54, 55 (1988), and *People v. Kull*, 171 Ill. App. 3d 496, 500, 525 N.E.2d 1223, 1225 (1988)). Upon a review of these cases, the court concluded that due process requires that the defendant be advised of the mandatory supervised release whenever the plea is for a specific sentence:

> "[T]here is no substantial compliance with Rule 402 and due process is violated when a defendant pleads guilty in exchange for a specific sentence and the trial court fails to advise the defendant, prior to accepting his plea, that a mandatory[-]supervised[-]release term will be added to that sentence. In these circumstances, addition of the [mandatory-supervised-release] term to the agreed-upon sentence violates due process because the sentence imposed is more onerous than the one defendant agreed to at the time of the plea hearing. Under these circumstances, the addition of the [mandatory supervised release] constitutes an unfair breach of the plea agreement." *Whitfield*, 217 Ill. 2d at 195, 840 N.E.2d at 669.

The mere use of the phrase "joint recommendation" does not place this case within the exception outlined in *Whitfield*. The discussion of the term "recommendation" in *Holt* derived from the analysis of the benefit of the bargain in *Whitfield*. Although the term sug-

gested an open plea in *Holt*, in this case, defendant explicitly entered a plea of guilty in return for a specific sentence. See *People v. Smith*, 386 Ill. App. 3d 473, 481, 898 N.E.2d 119, 128 (2008) (distinguishing *Holt* as limited to open pleas). Defendant did not enter into an open plea where the State recommended a range of sentences under the statutory maximum. See *People v. Adams*, 373 Ill. App. 3d 991, 996, 869 N.E.2d 856, 860 (2007) (*Whitfield* did not apply because the defendant had entered an open plea).

Defendant did not receive the benefit of the bargain as called for by *Whitfield*. As in *Whitfield*, defendant bargained for a specific sentence. The case at hand falls in line with the precedents cited by *Whitfield* in which a defendant entered into a fully negotiated plea for a specific sentence. *Whitfield*, 217 Ill. 2d at 194, 840 N.E.2d at 669 (citing *Smith*, 285 Ill. App. 3d at 670, 676 N.E.2d at 227-28, *Moore*, 214 Ill. App. 3d at 944, 574 N.E.2d at 41, *O'Toole*, 174 Ill. App. 3d at 801, 529 N.E.2d at 55, and *Kull*, 171 Ill. App. 3d at 500, 525 N.E.2d at 1225). Due process required that defendant be admonished that he would be subject to a period of mandatory supervised release with his plea.

The State contends that even if *Whitfield* applies, the admonishment was sufficient. Defendant was advised by the trial court that he would have been subject to a period of incarceration for each count, with a total possible of 31 years, followed by a period of mandatory supervised release for a conviction on any of the three counts "[i]f you had been convicted at trial."

In *Company*, this court established that the mention of mandatory supervised release by a trial court when advising a defendant of the possible results of a trial does not provide due process to a defendant entering a fully negotiated plea. *People v. Company*, 376 Ill. App. 3d 846, 850, 876 N.E.2d 1055, 1058 (2007). Indeed, this court suggested that such a limited admonition was a clearer violation of due process. *Company* found:

> "While *Whitfield* involved no [mandatory-supervised-release] admonishment, in this case the trial court did mention mandatory supervised release. Arguably, however, the defendant in this case has a stronger argument than the defendant in *Whitfield*. Here, the trial court admonished the defendant that he would be subject to a term of [mandatory supervised release] *if convicted at a trial* but that, under the plea agreement, *instead of* the possible sentences available upon conviction, he would receive the agreed sentence of 15 years, with no mention of [mandatory supervised release]." (Emphasis in original.) *Company*, 376 Ill. App. 3d at 850, 876 N.E.2d at 1058.

The admonishment did not achieve substantial compliance under *Whitfield. Cf. People v. Borst,* 372 Ill. App. 3d 331, 332, 867 N.E.2d 1181, 1182 (2007) (inartful admonishments of maximum possible sentences not limited to the result at a trial substantially complied with *Whitfield*). Defendant was not advised that he would be subject to mandatory supervised release upon entering a plea.

In accordance with *Whitfield*, the appropriate disposition of this appeal would be to modify defendant's sentence to a term of imprisonment followed by the mandatory term of supervised release or to remand with directions to modify the sentence, either resulting in four years' imprisonment followed by two years' mandatory supervised release. The majority's disposition does neither. Accordingly, I dissent.