Opinion filed 9/10/08;
Modified Opinion on Denial
of Rehearing filed 10/27/08.

NO. 5-07-0199

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

_____

| | |
|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) Appeal from the |
| | ) Circuit Court of |
| Plaintiff-Appellee, | ) Effingham County. |
| | ) |
| v. | ) No. 03-CF-264 |
| | ) |
| TOBBY J. SMITH, | ) Honorable |
| | ) Sherri L. E. Tungate, |
| Defendant-Appellant. | ) Judge, presiding. |

_____

Modified Upon Denial of Rehearing

PRESIDING JUSTICE STEWART delivered the opinion of the court:

On December 11, 2003, the defendant, Tobby J. Smith, was charged with two counts of first-degree murder for the death of Ronald Hood. On February 22, 2005, pursuant to a fully negotiated plea, the defendant pled guilty to the charge of first-degree murder (720 ILCS 5/9-1(a)(2) (West 2004)) in return for the State dismissing all the other pending matters against him, including a second charge of first-degree murder (720 ILCS 5/9-1(a)(1) (West 2004)) and the charges, in two other cases, of domestic battery, aggravated battery, and aggravated battery with a firearm. At the plea hearing, the State set out the terms of the plea agreement: the defendant would plead guilty to the charge of first-degree murder for an agreed sentence of 22 years' imprisonment in the Department of Corrections with credit for time served, pursuant to truth in sentencing he would serve 100% of his sentence, he would pay the costs of the proceedings in the murder case, he would submit to DNA testing, and his bond would be distributed for fees, fines, and costs. The State explained that in exchange for the guilty plea, all the other charges against the defendant would be dismissed. The

1

defendant's counsel agreed with the State's description of the terms of the plea agreement. Neither the State nor defense counsel mentioned mandatory supervised release. The defendant received the following admonishment from the court:

"THE COURT: State says in Count II of the Indictment filed December 18th of 2003 that on December 6 of 2003 in Effingham County you committed the offense of first[-]degree murder in that you, without lawful justification, shot Ronald Hood with a handgun knowing such act created a strong probability of death or great bodily harm to Ronald Hood thereby causing the death of Ronald Hood in violation of [section 9-1(a)(2) of the Criminal Code of 1961 (720 ILCS 5/9-1(a)(2) (West 2004))]. Do you understand what it is the State says you did?

DEFENDANT: Yes.

THE COURT: For that sentence, for that offense, you could be sentenced to twenty to sixty years in the Department of Corrections. You could be fined up to $25,000. You could be subject to mandatory supervised release of three years. You're not eligible for probation. Do you understand what the possible penalty for the charge is?

DEFENDANT: Yes."

When the court imposed the sentence, it stated as follows:

"THE COURT: Mr. Smith, I am then going to find that you understand the charge and possible penalties, that there is a factual basis, that the plea is voluntary, you understand your rights to trial and the other rights I explained, that you give up those rights voluntarily, and I'm going to accept your guilty plea to Count II of the Indictment, December 18, 2003, and per your agreement with the State I'm going to sentence you on that Count II to 22 years in the Department of Corrections."

The court dismissed the other charges, entered a judgment on his plea to first-degree murder,

sentenced him to 22 years' incarceration in the Department of Corrections with credit for time served, assessed court costs, required him to submit to DNA testing, and set out the distribution of his bond for fees, costs, and fines. When the court pronounced the sentence, it did not state that the defendant would be required to serve a term of mandatory supervised release. The written sentencing judgment made no reference to a term of mandatory supervised release.

The defendant filed no posttrial motions or direct appeal. On February 27, 2007, the defendant filed a *pro se* petition for relief from judgment under section 2-1401 of the Code of Civil Procedure (735 ILCS 5/2-1401 (West 2006)), alleging that his constitutional right to due process and fundamental fairness was violated because he had not been informed that a 3-year mandatory-supervised-release term would apply to the 22-year prison sentence to which he pled guilty. The defendant did not challenge the validity of his plea, nor did he seek the withdrawal of his guilty plea. The defendant conceded that the statutory minimum for first-degree murder is 20 years' incarceration and that subtracting 3 years from his sentence would take it below the statutory minimum; therefore, he requested that his sentence be reduced to 20 years' imprisonment followed by a period of 3 years' mandatory supervised release. On March 6, 2007, the trial court, *sua sponte*, ordered the defendant's petition dismissed on the grounds that it was untimely filed and that it failed to plead facts upon which relief could be granted. The defendant filed a timely notice of appeal alleging that, pursuant to *People v. Whitfield*, 217 Ill. 2d 177, 840 N.E.2d 658 (2005), his fully negotiated 22-year prison sentence must be modified to 20 years' imprisonment plus 3 years' mandatory supervised release, so that his sentence will approximate the sentence to which he pled guilty. We find that the circuit court erred in dismissing the petition based upon timeliness, in failing to recharacterize the petition as a postconviction petition, and in finding that the petition was without merit. We reverse and remand with directions.

ANALYSIS

The defendant argues that the trial court erred in dismissing, *sua sponte*, his section 2-1401 petition on timeliness grounds, because the petition alleged a valid legal claim for relief. A trial court may, *sua sponte*, dismiss a section 2-1401 petition when the petitioner's claim is without merit. *People v. Vincent*, 226 Ill. 2d 1, 13, 871 N.E.2d 17, 26 (2007). However, the two-year time period contained in section 2-1401 is a statute of limitation and not a jurisdictional prerequisite. *People v. Malloy*, 374 Ill. App. 3d 820, 823, 872 N.E.2d 140, 143 (2007). As a statute of limitation, the State must assert the time period as an affirmative defense, and the trial court may not, *sua sponte*, dismiss the petition on the basis of timeliness. *Malloy*, 374 Ill. App. 3d at 823, 872 N.E.2d at 143. The defendant filed his section 2-1401 petition five days after the two-year time limit. In dismissing the defendant's petition *sua sponte*, the trial court stated that the petition was not timely filed and that the defendant "failed to set forth any reason for the late filing under this section." The trial court erred in dismissing the defendant's section 2-1401 petition on the basis of timeliness.

We also find that the trial court erred in failing to recharacterize the defendant's *pro se* pleading as a postconviction petition. It has long been recognized that a lack of legal knowledge might cause a *pro se* prisoner to select the wrong method to collaterally attack his conviction. *People ex rel. Palmer v. Twomey*, 53 Ill. 2d 479, 484, 292 N.E.2d 379, 382 (1973). Prior to the adoption of the Post-Conviction Hearing Act, a conviction could be attacked by writ of error, *habeas corpus*, and *coram nobis*. *People v. Slaughter*, 39 Ill. 2d 278, 284, 235 N.E.2d 566, 569 (1968); Ill. Rev. Stat. 1965, ch. 38, par. 122-1 *et seq.* (now 725 ILCS 5/122-1 *et seq.* (West 2006)). This troubled the United States Supreme Court "because no matter which method a prisoner pursued, he appeared always to be met by a claim that he should have pursued a different remedy." *Slaughter*, 39 Ill. 2d at 284, 235 N.E.2d at 569 (citing *Marino v. Ragen*, 332 U.S. 561, 570, 92 L. Ed. 170, 176, 68 S. Ct. 240, 245 (1947)).

4

A statutory postconviction remedy that later became the Post-Conviction Hearing Act was enacted in response. *Slaughter*, 39 Ill. 2d at 284, 235 N.E.2d at 569; Ill. Rev. Stat. 1949, ch. 38, pars. 826-832.

Consistent with the intent of the Post-Conviction Hearing Act (the Act) to provide a comprehensive postconviction procedure and to end the merry-go-round of collateral attacks on convictions by prisoners, the supreme court held that the circuit court should evaluate whether a *pro se* petition, however labeled or inartfully worded, alleged a violation of the petitioner's rights cognizable under the Act. *Palmer*, 53 Ill. 2d at 484, 292 N.E.2d at 382. The court was also urged to read *pro se* petitions more liberally than formal pleadings prepared by counsel. *People v. Smith*, 268 Ill. App. 3d 574, 580, 645 N.E.2d 313, 318 (1994). Under this analysis, if the petition alleged a violation cognizable under the Act, the court was instructed to treat it as a postconviction petition, allowing the appointment of counsel to properly frame the issues and to facilitate the adjudication in one proceeding with finality. *Palmer*, 53 Ill. 2d at 483-84, 292 N.E.2d at 382.

In 1997, however, the Act was amended by Public Act 89-609, which added subsection (d) to section 122-1. Pub. Act 89-609, §5, eff. January 1, 1997 (1997 Ill. Laws 2674) (amending 725 ILCS 5/122-1 (West 1994)). That subsection provides that a trial court reviewing a petition which does not state that it is filed under the Act "need not evaluate the petition to determine whether it could otherwise have stated some grounds for relief under" the Act. 725 ILCS 5/122-1(d) (West 2006). While the supreme court has stated in a footnote that under the statute a trial court is "under no obligation" to recharacterize a *pro se* claim as a postconviction petition, it also stated that a trial court "may" do so. *People v. Shellstrom*, 216 Ill. 2d 45, 53 n.1, 833 N.E.2d 863, 868 n.1 (2005). Illinois courts have since consistently reviewed, on an abuse-of-discretion standard, the decisions of trial courts whether to recharacterize *pro se* pleadings as postconviction petitions. *E.g.*, *People v. Starks*, 365 Ill.

5

App. 3d 592, 597, 850 N.E.2d 206, 212 (2006) ("[T]he trial court did not abuse its discretion in impliedly construing defendant's 'motion for a new trial' as a petition under the Act"); *People v. Holliday*, 369 Ill. App. 3d 678, 682, 867 N.E.2d 1016, 1020 (2007) (The trial court did not abuse its discretion by failing to recharacterize the defendant's *habeas corpus* petition as a postconviction petition). Implicit in a trial court's *sua sponte* dismissal and failure to recharacterize a *pro se* petition is an exercise of its discretion, which is reviewable by this court. Thus, we believe that a trial court's express or implied decision not to recharacterize a *pro se* petition may be reviewed under an abuse-of-discretion standard.

A *pro se* defendant is not necessarily master of his claim, and the court may override his choice of procedural vehicle by which to seek relief. *People v. Pearson*, 216 Ill. 2d 58, 66, 833 N.E.2d 827, 831 (2005). Where a *pro se* defendant files a pleading alleging a deprivation of a constitutional right cognizable under the Act, the trial court may recharacterize it as a postconviction petition, and the petition may be recharacterized even if it is clearly labeled as another type of pleading. *Shellstrom*, 216 Ill. 2d at 51, 833 N.E.2d at 867. A pleading is not determined by the label applied to it by the defendant, but by its content and character. *People v. Harper*, 345 Ill. App. 3d 276, 284, 802 N.E.2d 362, 369 (2003). Recharacterizing a petition protects a *pro se* litigant from the possible harsh result arising from his lack of legal knowledge in selecting a method to attack his conviction when his claim could more appropriately be dealt with as a postconviction petition. *Shellstrom*, 216 Ill. 2d at 52, 833 N.E.2d at 867.

The trial court does not, however, have unlimited discretion to construe a pleading as a postconviction petition. *People v. Helgesen*, 347 Ill. App. 3d 672, 677, 807 N.E.2d 718, 723 (2004). When determining whether a recharacterization is appropriate, the court should consider whether the filing was also cognizable in the form in which the defendant filed it. *People v. Pearson*, 345 Ill. App. 3d 191, 199, 802 N.E.2d 386, 393 (2003), *aff'd on other*

6

*grounds*, 216 Ill. 2d 58, 833 N.E.2d 827 (2005). Additionally, when a court recharacterizes as a postconviction petition a *pro se* pleading that the petitioner has labeled as a different action cognizable under Illinois law, the court must take the following action:

"(1) notify the *pro se* litigant that the court intends to recharacterize the pleading, (2) warn the litigant that this recharacterization means that any subsequent postconviction petition will be subject to the restrictions on successive postconviction petitions, and (3) provide the litigant an opportunity to withdraw the pleading or to amend it so that it contains all the claims appropriate to a postconviction petition that the litigant believes he or she has." *Shellstrom*, 216 Ill. 2d at 57, 833 N.E.2d at 870.

"[A] trial court's decision regarding recharacterization is addressed to its sound discretion and will be reviewed under an abuse-of-discretion standard." *Holliday*, 369 Ill. App. 3d at 682, 867 N.E.2d at 1020. While the Act does not require a trial court to recharacterize a petition that fails to specify that it is filed under the Act, "by the strongest of implications, the court also may do so." *Starks*, 365 Ill. App. 3d at 597, 850 N.E.2d at 212. The trial court acts properly when it recharacterizes a *pro se* petition filed under a different label as a postconviction petition when that construction is the only logical construction that would preserve the court's jurisdiction. *Starks*, 365 Ill. App. 3d at 597, 850 N.E.2d at 212.

The Act provides that, if a defendant did not file a direct appeal, he may file a postconviction petition no later than three years from the date of the conviction. 725 ILCS 5/122-1(c) (West 2004). In the instant case, the defendant filed his petition for relief from judgment (to modify his sentence) a little more than two years after his date of conviction. The defendant's petition was not timely filed as a section 2-1401 petition, but it was timely filed as a postconviction petition. His petition alleged the deprivation of a constitutional right. Because this *pro se* petition is the only posttrial motion filed by the defendant and because the only logical construction that would preserve the court's jurisdiction over this petition was to

recharacterize it as a postconviction petition, the trial court abused its discretion in failing to recharacterize it. The trial court's judgment should therefore be reversed and this cause remanded with directions that the court recharacterize the defendant's *pro se* petition as a postconviction petition and provide him with the appropriate notification, warning, and opportunity to withdraw or amend the pleading.

On remand, the trial court will be required to determine the merits of the defendant's petition. Since the trial court has previously found the petition to be without merit, we find it necessary to discuss the substance of the defendant's petition. In doing so, we note that both parties have fully briefed the issue in this appeal.

To be entitled to postconviction relief, the defendant must show that he suffered a substantial deprivation of his constitutional rights in the proceeding that produced the challenged sentence. *Whitfield*, 217 Ill. 2d at 183, 840 N.E.2d at 663. "The scope of the postconviction proceeding is limited to constitutional matters that have not been, and could not have been, previously adjudicated." *Whitfield*, 217 Ill. 2d at 183, 840 N.E.2d at 663. Because a plea bargain deprives a defendant of liberty and other constitutionally protected interests, a defendant who shows that he entered his plea in reliance on the terms of the plea bargain may have a due process right to enforce the terms of the agreement. *Whitfield*, 217 Ill. 2d at 189, 840 N.E.2d at 666.

The defendant argues that the admonishments he received concerning mandatory supervised release were not sufficient to inform him that he would be subject to mandatory supervised release in addition to the 22-year prison sentence to which he agreed. He cites *Whitfield* in support of his argument that the addition of the term of mandatory supervised release constitutes an unfair breach of the plea agreement and violates his due process rights, and the facts in *Whitfield* are strikingly similar to those in this case. In *Whitfield*, the defendant pled guilty pursuant to a negotiated plea agreement that provided a specific

sentence of 25 years' imprisonment in the Department of Corrections. *Whitfield*, 217 Ill. 2d at 190, 840 N.E.2d at 667. The trial court ratified the agreement and failed to admonish the defendant that a mandatory-supervised-release term would be added to the negotiated 25-year sentence. *Whitfield*, 217 Ill. 2d at 190, 840 N.E.2d at 667. Additionally, the written order of sentence and commitment made no reference to the three-year mandatory-supervised-release term required by law. *Whitfield*, 217 Ill. 2d at 180 n.1, 840 N.E.2d at 661 n.1. The defendant did not file a postjudgment motion to withdraw his plea, and he never directly appealed his conviction or sentence. *Whitfield*, 217 Ill. 2d at 180, 840 N.E.2d at 661. While in prison, the defendant learned he would be subject to a mandatory-supervised-release term in addition to his 25-year prison sentence. *Whitfield*, 217 Ill. 2d at 180, 840 N.E.2d at 661. He then filed a *pro se* section 2-1401 "Motion for Relief From Judgment" (section 2-1401 motion). *Whitfield*, 217 Ill. 2d at 180-81, 840 N.E.2d at 661-62. The State moved to dismiss the section 2-1401 motion on the grounds that it was not timely filed, and in doing so it acknowledged that the trial court could treat the defendant's section 2-1401 motion as a postconviction petition, but it argued that the trial court was under no obligation to do so. *Whitfield*, 217 Ill. 2d at 181, 840 N.E.2d at 662. The defendant asked the court to treat his section 2-1401 motion as a postconviction petition. *Whitfield*, 217 Ill. 2d at 181, 840 N.E.2d at 662. The trial court dismissed the defendant's section 2-1401 motion. *Whitfield*, 217 Ill. 2d at 181, 840 N.E.2d at 662. On appeal the defendant argued that he did not receive the benefit of the bargain he made with the State when he pled guilty. *Whitfield*, 217 Ill. 2d at 184, 840 N.E.2d at 663. He did not challenge the validity of his plea and did not seek its withdrawal. *Whitfield*, 217 Ill. 2d at 187, 840 N.E.2d at 665. The defendant argued that he knowingly and voluntarily pled guilty in exchange for the promise of a 25-year sentence. *Whitfield*, 217 Ill. 2d at 187, 840 N.E.2d at 665.

The Illinois Supreme Court, treating the defendant's pleading as a postconviction

petition, ruled that, under these circumstances, adding the statutorily required three-year mandatory-supervised-release term to the defendant's negotiated sentence was a unilateral modification and breach of the plea agreement. *Whitfield*, 217 Ill. 2d at 190, 840 N.E.2d at 667. The court held as follows:

> "[T]here is no substantial compliance with Rule 402 [(177 Ill. 2d R. 402)] and due process is violated when a defendant pleads guilty in exchange for a specific sentence and the trial court fails to advise the defendant, prior to accepting his plea, that a mandatory[-]supervised[-]release term will be added to *that* sentence. In these circumstances, addition of the [mandatory-supervised-release] term to the agreed-upon sentence violates due process because the sentence imposed is more onerous than the one defendant agreed to at the time of the plea hearing. Under these circumstances, the addition of the [mandatory supervised release] constitutes an unfair breach of the plea agreement." (Emphasis added.) *Whitfield*, 217 Ill. 2d at 195, 840 N.E.2d at 669.

The defendant also relies on *People v. Company*, 376 Ill. App. 3d 846, 876 N.E.2d 1055 (2007), in support of his argument. In *Company*, the defendant entered into a fully negotiated plea agreement whereby he was to receive a specific sentence of 15 years' incarceration in the Department of Corrections. *Company*, 376 Ill. App. 3d at 850, 876 N.E.2d at 1058. The trial court admonished the defendant that, if convicted at a trial, he would be subject to a term of mandatory supervised release but that under the plea agreement, *instead of* the possible sentences available upon conviction, he would receive the agreed sentence of 15 years' imprisonment, with no mention of mandatory supervised release. *Company*, 376 Ill. App. 3d at 850, 876 N.E.2d at 1058. The written sentencing agreement failed to include a mandatory-supervised-release term. *Company*, 376 Ill. App. 3d at 850, 876 N.E.2d at 1058. The court found that the defendant did not enter his plea with full knowledge of the consequences because "the admonishment linked [mandatory supervised release] to the

10

defendant's possible sentence if he were to be found guilty at a trial and not to a sentence for his crime in general or to the sentence that was being imposed as a result of his guilty plea." *Company*, 376 Ill. App. 3d at 852, 876 N.E.2d at 1060.

The State argues that *People v. Holt*, 372 Ill. App. 3d 650, 867 N.E.2d 1192 (2007), is factually more similar to the instant case than *Whitfield* or *Company*. In *Holt*, the defendant entered into an open plea agreement in which the State agreed to recommend a sentence. *Holt*, 372 Ill. App. 3d at 651, 867 N.E.2d at 1193-94. The trial court admonished the defendant as follows: "If you are sent to prison, there [is] a period of mandatory supervised release of one-three years." (Emphasis omitted.) *Holt*, 372 Ill. App. 3d at 651, 867 N.E.2d at 1193. The State's recitation of the plea agreement made no reference to a mandatory-supervised-release term, nor did the sentencing order include a mandatory-supervised-release term. *Holt*, 372 Ill. App. 3d at 651, 867 N.E.2d at 1194. The court distinguished *Whitfield* on the ground that the trial court's failure to mention a mandatory-supervised-release term during the entirety of the plea proceedings left the defendant unaware of the consequences of his plea, whereas in *Holt*, the defendant was aware that the mandatory-supervised-release term would attach to *any* prison sentence, so the failure to restate the requirement during the recitation of the plea agreement did not violate his due process rights. *Holt*, 372 Ill. App. 3d at 653, 867 N.E.2d at 1195. Additionally, the court noted that the case differed from *Whitfield* in that it involved an open plea as opposed to a fully negotiated plea. *Holt*, 372 Ill. App. 3d at 653, 867 N.E.2d at 1195. The court held that where the State only promises to recommend a certain sentence and the total sentence the defendant receives, including mandatory supervised release, is less than the maximum sentence authorized by law, the trial court's failure to properly admonish the defendant of the mandatory-supervised-release term does not violate the defendant's constitutional rights and he receives the benefit of his bargain. *Holt*, 372 Ill. App. 3d at 653-54, 867 N.E.2d at 1195.     The State also argues that *People v.*

11

*Borst*, 372 Ill. App. 3d 331, 867 N.E.2d 1181 (2007), is applicable to the instant case. In *Borst*, the trial court admonished the defendant about the maximum possible sentences for the crimes to which he was entering a fully negotiated plea. *Borst*, 372 Ill. App. 3d at 332-33, 867 N.E.2d at 1182-83. In doing so, the court advised the defendant of the mandatory-supervised-release terms each offense carried. *Borst*, 372 Ill. App. 3d at 332, 867 N.E.2d at 1182. The trial court did not mention a mandatory-supervised-release term in the oral recitation of the plea agreement, nor did the written sentencing order include a term of mandatory supervised release. *Borst*, 372 Ill. App. 3d at 333, 867 N.E.2d at 1183. The court held that *Whitfield* did not apply because, while the trial court could have made its admonishments clearer, the defendant was informed that mandatory-supervised-release terms applied, and thus, his constitutional right to due process and fundamental fairness was not violated. *Borst*, 372 Ill. App. 3d at 334, 867 N.E.2d at 1184.

The defendant bears the burden of establishing that the circumstances existing at the time of the plea hearing, when judged by objective standards, justify his mistaken impression that his sentence did not include a mandatory-supervised-release term. *People v. Jarrett*, 372 Ill. App. 3d 344, 352, 867 N.E.2d 1173, 1180 (2007). The only admonition the defendant received about mandatory supervised release occurred when the trial court informed him that, for the offense of first-degree murder, he *could* be sentenced to 20 to 60 years in the Department of Corrections, he *could* be fined up to $25,000, and he *could* be subject to 3 years' mandatory supervised release. The trial court never linked the mandatory-supervised-release term to the defendant's plea. When the trial court accepted the plea and imposed the sentence, it specifically mentioned the 22 years' incarceration, court costs, DNA testing, and disbursement of bond monies, but it did not mention a term of mandatory supervised release. Because the defendant negotiated a sentence at the low end of the sentencing range, the failure to affirmatively inform the defendant that mandatory supervised release remained as a part

12

of his sentence could have led him to believe that the mandatory-supervised-release term had also been negotiated away. If an ordinary person in the circumstances of the accused would understand the admonishments given by the trial court as conveying the information required by Rule 402, then there has been substantial compliance. *People v. Sutherland*, 128 Ill. App. 3d 415, 419, 470 N.E.2d 1210, 1214 (1984). We believe that an ordinary person in the defendant's circumstances would not understand the trial court's admonishment to mean that a term of mandatory supervised release would be added to any prison sentence, but would understand the admonishment as a warning about the possible penalties. Judged by objective standards, the circumstances existing at the time of the plea hearing justify the defendant's belief that his sentence did not include a mandatory-supervised-release term.

The State argues that the defendant had been repeatedly informed that he would be subject to a three-year mandatory-supervised-release term at hearings prior to the plea hearing and that, therefore, he could not claim that he was unaware that a mandatory-supervised-release period would follow his release from the Department of Corrections or that the mandatory-supervised-release term was something he could bargain away. Admonitions given at prior proceedings cannot be relied upon to remedy the lack of proper admonitions at the subsequent plea hearing. *People v. Blankley*, 319 Ill. App. 3d 996, 1007, 747 N.E.2d 16, 25 (2001). To satisfy the constitutional requirement of substantial compliance with Rule 402, the admonitions must be made at the time the plea is taken. *Blankley*, 319 Ill. App. 3d at 1007, 747 N.E.2d at 25. Even if the defendant has some general knowledge about mandatory-supervised-release terms, that is insufficient to establish that he understood the terms of his plea agreement at the time he pled guilty. *Whitfield*, 217 Ill. 2d at 200, 840 N.E.2d at 672.

"[D]ue process requires that it be evident from the record that a defendant's plea of guilty is entered with full knowledge of the consequences." *Whitfield*, 217 Ill. 2d at 200, 840 N.E.2d at 672. When a trial court fails to properly admonish a defendant that a mandatory-

13

supervised-release term will attach to his prison sentence, the defendant need not demonstrate a reasonable probability that, but for the lack of specific admonishment, he would not have pled guilty. *Whitfield*, 217 Ill. 2d at 201, 840 N.E.2d at 673.

In *Whitfield*, the supreme court plainly held that a defendant pleading guilty to a specified term of imprisonment pursuant to a plea bargain must be advised prior to accepting his plea that a term of mandatory supervised release *will* be added to the defendant's sentence. *Whitfield*, 217 Ill. 2d at 195, 840 N.E.2d at 669. Accordingly, we do not believe that any mere mention of the phrase "mandatory supervised release" during a plea hearing is sufficient to satisfy the constitutional requirements explained in *Whitfield*. *Contra People v. Holborow*, 382 Ill. App. 3d 852, 861-62, 892 N.E.2d 1, 8-9 (2008). In order to comply with *Whitfield*, the court must advise the defendant that a mandatory-supervised-release term will be added to *his* sentence, and that advisement must occur *prior to accepting his plea.*

As in *Whitfield* and *Company*, in this case the defendant's pleading sufficiently alleges that the trial court failed to advise the defendant, prior to accepting his plea, that a three-year mandatory-supervised-release term would be added to the sentence that was the subject of his plea agreement. When the trial court's failure to properly admonish a defendant results in him receiving a more onerous sentence than the one he was told he would receive, his constitutional right to due process and fundamental fairness has been violated. When a defendant's constitutional rights have been violated due to improper admonitions regarding the addition of a mandatory-supervised-release term to his fully negotiated sentence, the plea promise must be enforced or the defendant must be allowed to withdraw his plea. *Whitfield*, 217 Ill. 2d at 202, 840 N.E.2d at 673.

CONCLUSION

Accordingly, we reverse the judgment of the Effingham County circuit court and

14

remand with directions that the circuit court recharacterize the defendant's petition as a postconviction petition and conduct further proceedings not inconsistent with this opinion.

Reversed; cause remanded with directions.

GOLDENHERSH and WEXSTTEN, JJ., concur.

NO. 5-07-0199

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Effingham County. |
| | ) | |
| v. | ) | No. 03-CF-264 |
| | ) | |
| TOBBY J. SMITH, | ) | Honorable |
| | ) | Sherri L. E. Tungate, |
| Defendant-Appellant. | ) | Judge, presiding. |

---

**Opinion Filed:**                                            September 10, 2008
**Modified Opinion on Denial of Rehearing Filed:**  October 27, 2008

---

**Justices**:        Honorable Bruce D. Stewart, P.J.

Honorable Richard P. Goldenhersh, J., and
Honorable James M. Wexstten, J.,
Concur

---

**Attorneys**        Daniel M. Kirwan, Deputy Defender, Edwin J. Anderson, Assistant Defender, Office
**for**                 of the State Appellate Defender, Fifth Judicial District, 117 North Tenth Street, Suite
**Appellant**        300, Mt. Vernon, IL 62864

---

**Attorneys**        Charles Zalar, Special Prosecutor, Office of the State's Attorneys Appellate
**for**                 Prosecutor, 725 South Second Street, Springfield, IL 62704; Norbert J. Goetten,
**Appellee**        Director, Stephen E. Norris, Deputy Director, Kendra S. Peterson, Staff Attorney,
Office of the State's Attorneys Appellate Prosecutor, 730 E. Illinois Highway 15,
Suite 2, P.O. Box 2249, Mt. Vernon, IL 62864; Hon. Ed Deters, State's Attorney,
Effingham County Courthouse, 120 W. Jefferson, 2nd Floor, Effingham, IL 62401