Nos. 2-07-0640 & 2-07-0642 cons.     Filed:  5-27-10

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Lake County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 01--CF--1036 |
| ENRIQUE SANTANA, | ) ) ) | Honorable Victoria A. Rossetti, |
| Defendant-Appellant. | ) | Judge, Presiding. |

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Lake County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 01--CF--1040 |
| ENRIQUE SANTANA, | ) ) ) | Honorable Victoria A. Rossetti, |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE JORGENSEN delivered the opinion of the court:

In these consolidated appeals, defendant, Enrique Santana, seeks review of orders dismissing petitions under section 2--1401 of the Code of Civil Procedure (735 ILCS 5/2--1401 (West 2006)), which sought the reduction of his sentences for aggravated discharge of a firearm (720 ILCS 5/24--1.2(a)(1), (a)(2) (West 2000)).  We initially affirmed this case on February 20, 2009, finding that the court did not err in dismissing the petitions where defendant's sentences did not run afoul

Nos. 2--07--0640 & 2--07--0642 cons.

of People v. Whitfield, 217 Ill. 2d 177 (2005). People v. Santana, 388 Ill. App. 3d 961 (2009). On March 24, 2010, the Illinois Supreme Court issued a supervisory order, which vacated our February 20, 2009, opinion and directed us to reconsider our decision in light of People v. Morris, 236 Ill. 2d 345 (2010). We conclude that Morris does not alter our prior ruling in this case. Thus, we affirm.

In separate prosecutions, defendant was charged with aggravated discharge of a firearm in incidents that occurred on or about March 23, 2001 (case No. 2--07--0640), and March 28, 2001 (case No. 2--07--0642). On May 29, 2001, defendant entered negotiated guilty pleas in both cases. The prosecutor provided the following statement of the terms of the plea agreement:

"We have a proposed disposition. The defendant will be pleading guilty to both cases. *** On each case he will be sentenced to ten years in the Illinois Department of Corrections.

The Court will also as part of our plea make a finding *** that consecutive sentence is necessary in this case having regard for the nature and circumstances of the offense and the history of the defendant that a consecutive term is required to protect the public. As a result, those sentences will run consecutively."

The prosecutor did not explain that, by operation of law, defendant's sentences included a two-year term of mandatory supervised release (MSR), to be served upon release from incarceration. See 730 ILCS 5/5--8--1(d)(2) (West 2000). However, before accepting defendant's guilty pleas, the trial court admonished him as follows:

"If you are found guilty of [the charge arising from the March 23, 2001, incident], you could be sentenced from four to five [sic] years in the penitentiary followed by a two-year [MSR] term that used to be called parole and a fine of up to $25,000.

-2-

* * *

If you are found guilty of [the charge arising from the March 28, 2001, incident], you could be sentenced from four to 15 years in the penitentiary followed by a one-year [MSR] term that used to be called--let me start that again. If you are found guilty of that aggravated discharge of a firearm, you could be sentenced from four to 15 years in the penitentiary followed by a two-year [MSR] term that used to be called parole and a fine of up to $25,000."

Defendant filed his section 2--1401 petitions in April 2007. He alleged that he "was never admonished or even told that 2 years of MSR would have to be done once his determinate sentence was complete." Defendant contended that the addition of a term of MSR to his sentences contravened his plea agreement. The State moved to dismiss the petitions, and the trial court granted the motions, concluding that the petitions were untimely and that, because defendant was properly admonished, each petition failed to state a basis for relief. Defendant filed timely notices of appeal, and this court ordered the appeals consolidated.

Section 2--1401 provides "a comprehensive, statutory procedure that allows for the vacatur of a final judgment older than 30 days." People v. Vincent, 226 Ill. 2d 1, 7 (2007). "Relief under section 2--1401 is predicated upon proof, by a preponderance of evidence, of a defense or claim that would have precluded entry of the judgment in the original action and diligence in both discovering the defense or claim and presenting the petition." Vincent, 226 Ill. 2d at 7-8. Ordinarily the petition must be brought within two years after the entry of the judgment or order from which relief is sought. 735 ILCS 5/2--1401(c) (West 2006). Relief under section 2--1401 is available in criminal as well as civil cases. Vincent, 226 Ill. 2d at 8. The petition may be dismissed if legally or factually

insufficient. <u>Vincent</u>, 226 Ill. 2d at 8. Absent an evidentiary hearing on the petition, our review of the dismissal of the petition is <u>de novo</u>. <u>Vincent</u>, 226 Ill. 2d at 13.

Defendant argues on appeal that his petitions set forth claims for relief pursuant to the principles announced in <u>People v. Whitfield</u>, 217 Ill. 2d 177 (2005). In that case, our supreme court noted that a violation of due process occurs when a defendant pleads guilty in exchange for a specific sentence, but receives "a different, more onerous sentence." <u>Whitfield</u>, 217 Ill. 2d at 189. The <u>Whitfield</u> court further observed that under Supreme Court Rule 402(a)(2) (177 Ill. 2d R. 402(a)(2))--which requires the trial court to inform the defendant of the minimum and maximum sentences prescribed by law before accepting a guilty plea--the defendant must be informed that a term of MSR will be added to his or her sentence. <u>Whitfield</u>, 217 Ill. 2d at 188, citing <u>People v. Wills</u>, 61 Ill. 2d 105, 109 (1975). Without a proper admonition, adding MSR to the defendant's sentence "amounts to a unilateral modification and breach of the plea agreement by the State, inconsistent with constitutional concerns of fundamental fairness." <u>Whitfield</u>, 217 Ill. 2d at 190. However, because a defendant sentenced to imprisonment <u>must</u> also serve a term of MSR, the <u>Whitfield</u> court concluded that the remedy most closely approximating the defendant's bargain with the State is to reduce the defendant's prison term by a period equal to the MSR term. <u>Whitfield</u>, 217 Ill. 2d at 203-05. Accordingly, in <u>Whitfield</u>, where the defendant pleaded guilty in exchange for a 25-year prison term and was not told he would also have to serve a 3-year term of MSR, the court reduced the prison term by 3 years.

Defendant argues that, in accordance with <u>Whitfield</u>, his prison terms should be reduced by two years. Defendant contends that his failure to file his petitions within two years after his conviction does not bar relief. According to defendant, the portion of his sentences exceeding what

is permissible under <u>Whitfield</u> is void and may be challenged at any time under section 2--1401. Defendant alternatively argues that, if section 2--1401's time limit does in fact apply, the trial court should have recharacterized his petition as one seeking relief under the Post-Conviction Hearing Act (Act) (725 ILCS 5/122--1 <u>et seq.</u> (West 2006)), in which case the trial court would have to appoint counsel to represent defendant before considering the timeliness of the petition.  See generally <u>People v. Boclair</u>, 202 Ill. 2d 89 (2002).  We disagree for three reasons.

First, we disagree with defendant's theory that a sentence that runs afoul of <u>Whitfield</u> is partly void.  "Whether a judgment is void or voidable presents a question of jurisdiction."  <u>People v. Davis</u>, 156 Ill. 2d 149, 155 (1993).  A judgment is void if the court entered it without personal or subject matter jurisdiction or if the court "lacked the power to render the particular judgment or sentence." <u>People v. Rodriguez</u>, 355 Ill. App. 3d 290, 296 (2005).  There is no question that the trial court possessed jurisdiction over defendant's person and over the subject matter.  The only issue is whether the court lacked the <u>power</u> to impose sentences that violated defendant's agreement with the State. Our supreme court has observed that the requirement that a court have the "inherent power" to render a particular judgment is largely a relic of the period prior to 1964, when courts exercised only limited jurisdiction conferred by statute.  <u>Steinbrecher v. Steinbrecher</u>, 197 Ill. 2d 514, 529-30 (2001).  In criminal cases, the "inherent power" requirement endures mainly as a limitation on the court's ability to impose a sentence contravening a statutory requirement.  Thus, "a sentence not conforming to a statutory requirement is void and may be corrected at any time."  <u>People v. Davison</u>, 378 Ill. App. 3d 1010, 1018 (2008), <u>appeal allowed</u>, 228 Ill. 2d 540 (2008).

Here, defendant's sentences--including MSR--are authorized by statute.  Whether or not defendant's sentences comport with <u>Whitfield</u>, the trial court clearly had the power to impose the

sentences. Even if the trial court failed to sufficiently admonish defendant concerning MSR, the error would not vitiate the trial court's power to impose a sentence authorized by statute. As our supreme court has noted, "jurisdiction or power to render a particular judgment does not mean that the judgment rendered must be the one that should have been rendered, for the power to decide carries with it the power to decide wrong as well as to decide right." Davis, 156 Ill. 2d at 156.

Second, we do not believe that the trial court erred by declining to recharacterize defendant's section 2--1401 petition as one brought under the Act. In support of his argument, defendant relies on People v. Smith, 386 Ill. App. 3d 473 (2008). Smith held that the trial court abused its discretion in failing to recharacterize, sua sponte, an untimely pro se section 2--1401 petition that would have been timely under the Act. Smith, 386 Ill. App. 3d at 475-76. The result in Smith is questionable. The trial court is under no obligation to recharacterize a pleading on its own. Section 122--1(d) of the Act provides that "[a] trial court that has received a petition complaining of a conviction or sentence that fails to specify in the petition or its heading that it is filed under [the Act] need not evaluate the petition to determine whether it could otherwise have stated some grounds for relief under [the Act]." (Emphasis added.) 725 ILCS 5/122--1(d) (West 2006). In any event, Smith is distinguishable. First, unlike in Smith, defendant's petitions were time-barred not only under section 2--1401, but under the Act as well. Even if we agreed with Smith, we would not extend its holding to a case like this one, where the defendant's ultimate success would depend not only on the recharacterization of the petition but also on the defendant establishing an excuse for the late filing or the State deciding to forgo a valid challenge under the Act to the timeliness of the petition. Such circumstances would not justify overriding the trial court's discretion in determining whether to recharacterize a defendant's petition.

Third, even under the Act, defendant's petitions fail to establish grounds for relief under Whitfield. In Morris, our supreme court recently concluded that Whitfield does not retroactively apply to convictions that were finalized before Whitfield was decided, i.e., prior to December 20, 2005. Morris, 236 Ill. 2d at 366. Here, the trial court accepted defendant's guilty plea and entered a judgment of conviction and sentence on May 29, 2001. Defendant took no direct appeal; therefore, his conviction was final well before the Whitfield decision in 2005. See People v. Sanders, 393 Ill. App. 3d 152, 162 (2009) (a defendant's conviction becomes final for retroactivity analysis when the defendant has exhausted any available direct appeal), appeal allowed, 234 Ill. 2d 545 (2009). Thus, defendant is not entitled to the application of Whitfield. Because defendant's entire remaining argument on appeal is premised on Whitfield, we affirm the trial court's dismissal of defendant's section 2--1401 petitions.

For the foregoing reasons, the judgment of the circuit court of Lake County is affirmed.

Affirmed.

McLAREN and HUTCHINSON, JJ., concur.