2021 IL App (1st) 192606-U

No. 1-19-2606

Order filed April 16, 2021

Sixth Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 13 CR 750 |
| | ) | |
| STEVEN ANDERSON, | ) | Honorable |
| | ) | Peggy Chiampas, |
| Defendant-Appellant. | ) | Judge, presiding. |

JUSTICE SHARON ODEN JOHNSON delivered the judgment of the court.
Presiding Justice Mary Mikva and Justice Maureen Connors concurred in the judgment.

**ORDER**

¶ 1   *Held*: The circuit court's dismissal of defendant's motion to withdraw his guilty plea is affirmed where the motion was untimely, and the circuit court was not obliged to recharacterize it as a postconviction petition.

¶ 2   On November 4, 2013, defendant Steven Anderson pleaded guilty to aggravated battery with a firearm (720 ILCS 5/12-3.05(e)(1) (West Supp. 2011)) and was sentenced to 15 years' imprisonment. On September 20, 2019, he filed a *pro se* "motion to withdraw plea," which the circuit court dismissed as untimely. He appeals, arguing that the circuit court erred by not

recharacterizing the motion as a petition under the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West Supp. 2019)). We affirm.

¶ 3    Defendant was charged by indictment with five counts, including aggravated battery with a firearm, arising from an incident on December 8, 2012.

¶ 4    On November 4, 2013, the State informed the trial court that defendant agreed to plead guilty to count II for aggravated battery with a firearm. The prosecutor relayed the factual basis, stating that the evidence would show that on December 8, 2012, on the 100 block of East 51st Street in Chicago, defendant discharged a firearm at two individuals, including victim David Scott, who was shot in the left foot. The court sentenced defendant to 15 years' imprisonment, and admonished him of his appeal rights, which he affirmed he understood. The State nol-prossed the remaining counts.

¶ 5    In 2015, defendant filed *pro se* motions requesting a copy of his plea agreement and asking that the circuit court appoint counsel, both of which the court denied. In 2017, defendant filed a *pro se* motion requesting copies of his trial transcript and common law record, which the circuit court also denied.

¶ 6    On September 20, 2019, defendant filed a *pro se* "motion to withdraw plea." In the motion, defendant alleged that he was denied due process and a fair hearing because his attorney was ineffective for not informing the trial court of defendant's mental health problems at the time he pleaded guilty. Defendant attached medical records showing that he had been diagnosed with bipolar disorder and had a history of psychiatric treatment. On October 7, 2019, the circuit court "denied" defendant's motion as untimely for being filed "well beyond the 30 days." On October

31, 2019, the circuit court clarified that the order of October 7, 2019 "striking defendant's petition as being untimely" would stand.

¶ 7    On January 8, 2020, this court permitted defendant's late notice of appeal.

¶ 8    On appeal, defendant argues that the circuit court should have recharacterized his motion to withdraw plea as a postconviction petition stating the gist of a constitutional claim of ineffective assistance of counsel.

¶ 9    When a defendant pleads guilty pursuant to a negotiated guilty plea, he cannot appeal his matter unless he files a motion to withdraw guilty plea within 30 days of sentencing. *People v. Flowers*, 208 Ill. 2d 291, 300-01 (2003); Ill. S. Ct. R. 604(d) (eff. July 1, 2017). If a defendant fails to file a timely motion to withdraw guilty plea, the lower court loses jurisdiction to consider the merits of any subsequent filing by the defendant requesting the court to vacate or modify the judgment. *People ex rel. Alvarez v. Skyrd*, 241 Ill. 2d 34, 40-41 (2011). A lower court's decision to dismiss a motion to withdraw guilty plea as untimely is an issue that requires interpretation of a Supreme Court rule, which we review *de novo*. *People v. Dominguez*, 2012 IL 111336, ¶ 13.

¶ 10    Here, it is undisputed that defendant failed to file his motion to withdraw plea within 30 days of sentencing, and thus the circuit court correctly dismissed the motion as untimely. Defendant does not argue that his motion was timely or that an exception to the untimeliness rule applies; instead, he argues that the circuit court abused its discretion by not recharacterizing the motion as a postconviction petition. We disagree.

¶ 11    Section 122-1(d) of the Act states a defendant filing a postconviction petition must "specify in the petition or its heading that it is filed under" the Act, and a circuit court that receives a filing that fails to so specify "need not evaluate the petition to determine whether it could otherwise have

stated some grounds for relief" under the Act. 725 ILCS 5/122-1(d) (West Supp. 2019). The Illinois Supreme Court addressed this issue in *People v. Shellstrom*, 216 Ill. 2d 45 (2005), where it confirmed that while the circuit court may recharacterize a mislabeled filing as a postconviction petition, it is not obliged to do so. *Shellstrom*, 216 Ill. 2d at 53 n.1.

¶ 12    Later, in *People v. Stoffel*, 239 Ill. 2d 314 (2010), the supreme court clarified this rule and held that "in light of Section 122-1(d), a trial court's decision *not* to recharacterize a defendant's *pro se* pleading as a postconviction petition may not be reviewed for error." (Emphasis in original). *Stoffel*, 239 Ill. 2d at 324. It follows that the circuit court's decision here not to recharacterize defendant's filing as a postconviction petition is non-cognizable in this court.

¶ 13    Defendant cites *People v. Smith*, 386 Ill. App. 3d 473 (2008), for the proposition that a lower court's decision whether to recharacterize a defendant's *pro se* filing as a postconviction petition is reviewed for abuse of discretion. *Smith*, 386 Ill. App. 3d at 478. But *Smith* predates *Stoffel*, which controls the issue at bar, and accordingly we find the circuit court's decision here not to recharacterize defendant's motion is not subject to our review. As such, we cannot consider defendant's substantive arguments regarding whether his motion to withdraw plea, if recharacterized as a postconviction petition, would have survived the first stage of postconviction review.

¶ 14    For the foregoing reasons, the circuit court's dismissal of defendant's motion to withdraw plea is affirmed.

¶ 15    Affirmed